## DONALDSON v. BALTIMORE ACCEPTANCE CORPORATION.

### No. 4282.

Circuit Court of Appeals, Third Circuit. Feb. 19, 1930.

Willard Harris, of Philadelphia, Pa., for appellant.

J. T. Manning, Jr., of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge.

Donaldson, naming himself as the "appellant," appeared in this court by petition, supported by affidavit of his counsel, entitled "Petition of appellant for leave to file (in the District Court) petition for writ of error, exceptions of defendant to findings of fact and conclusions of law, and assignments of error nunc pro tunc as of April 30, 1929."

This petition has uncovered a situation running through two courts which is so confused that, in dismissing the petition, we shall state the facts and give our views in the hope of assisting counsel and the trial court.

On March 1, 1929, the District Court of the United States for the Eastern District of Pennsylvania entered a judgment against Donaldson. On that fact, fortunately, every one agrees. Donaldson then had three months within which to appeal.

On March 8, Donaldson asserts, he filed with the clerk of the District Court a "Bill of Exceptions—Record containing pleadings —Testimony—Exceptions of defendant to findings of fact and conclusions of law—Petition for writ of error—Assignments of error for sealing Bill of Exceptions." As the judge who tried the case was absent, nothing was done that day.

On March 10, within the three months' limtation for an appeal, the December term of the court adjourned following the usual general order that "all cases not decided and all business of the term not disposed of be * * * continued until the next term."

On April 26, still within the three months' limitation, the matter came before the learned district judge in person. He said:

"The defendant has an undoubted right to an appeal and the bill of exceptions submitted is accordingly sealed.

"Respecting an order for exemption for the payment of costs and of supersedeas without security, we think this petition is properly to be addressed to the appellate court and not to the trial court. Without passing upon the merits of this petition we refuse to grant its prayer for the reason above suggested."

The judge sealed the bill of exceptions with the necessary papers now sought to be filed nunc pro tunc omitted. It is not clear, and therefore it is to us an open question, whether then or later he allowed an appeal.

On October 25, more than three months after judgment, Donaldson, through his attorney, presented to a circuit judge in chambers an affidavit and made a motion on which, as of that date, the circuit judge ordered: "That the appeal of the said defendant be allowed without payment of costs or entry of bond, said appeal not to operate as a supersedeas."

And finally, on December 2, more than three months after the judgment, Donaldson, by the petition in the instant matter, applied to the Circuit Court of Appeals, then in session, "for leave to file petition for writ of error" and the sundry other named papers incident to a proper bill of exceptions "nunc pro tunc as of April 30, 1929," a date within the three months' limitation for appeals.

Out of these main facts questions arise whether Donaldson has ever been allowed an appeal, and, if so, by whom and when was it allowed, and, if allowed, why does he now petition for "leave to file petition for writ of error (appeal) * * * nunc pro tunc" in the District Court; and, if not allowed within the statutory limitation of three months, how can it now be allowed by any judge or court?

These questions may be answered by reviewing and discussing the situation in this way:

Donaldson asserts that within the period of three months which the statute provides for an appeal he did two things: First, he filed all the requisite papers for a proper bill of exceptions, also a petition for a writ of error, in the office of the clerk of the District Court, although there is no record that the papers now sought to be filed nunc pro tunc were so filed; second, he asked the trial judge for allowance of an appeal and at the same time asked for leave to prosecute the appeal pro forma pauperis. The judge, stating that Donaldson had an undoubted right to an appeal—he did not say he allowed an appeal—refused an order for exemption from the payment of costs and of supersedeas without security on the assumption that those were matters properly to be addressed to the appellate court, concluding: "Without passing upon the merits of this petition.

we refuse to grant its prayer for the reason above suggested." Whether the judge then and there allowed an appeal subject to the form as to costs and supersedeas which the Circuit Court of Appeals might later determine, or whether he continued the application for an appeal to a future day specifically or under the general order of continuance of all business of the term not disposed of, or allowed an appeal later, or refused an appeal altogether, we do not know, nor can we tell from the facts before us.

 Opposed to the answer to one or another of these questions, we are confronted with the order signed by the circuit judge on October 25 allowing Donaldson an appeal pro forma pauperis. This order of the circuit judge was in part, at least, action by him on the reference made by the trial judge to the Circuit Court of Appeals as the proper court to allow, or permit, an appeal without payment of costs. If it were something more than that and can be construed as an out-and-out allowance of an appeal by the circuit judge—not merely permission to prosecute pro forma pauperis an appeal already allowed—then the allowance of an appeal by the circuit judge seven months after the date of the judgment was not within the statutory limitation for appeals and was beyond his power. In either case the question gets back to whether or not the trial judge allowed an appeal. It is clear to us that, accepting everything that Donaldson's attorney has said, leave to file exceptions, assignments of error, and a petition for writ of error nunc pro tunc has nothing to do with determining the question whether or not an appeal had been allowed; and, if not allowed, such leave would not, after the lapse of the statutory period, permit a valid allowance to be made at this late date. Moreover, this court cannot determine what papers Donaldson filed or did not file in the District Court and how the learned trial judge acted upon them. These are matters of fact possibly within the knowledge of the court and certainly for that court to decide. Therefore the only way this twisted skein of circumstances can be untangled is to relegate the parties to the District Court and permit it to decide whether the trial judge did or did not allow an appeal. If he did not allow an appeal, that is an end to the matter; if he actually allowed an appeal, and did it seasonably, though there be no record of it, that was an unrecorded official judgment which in itself is good. The action of the court is its judgment; its judgment is the controlling condition. Entry up-

on the record is merely evidence of the thing done.

It must be understood that nothing said in this memorandum should control the learned district judge if he should determine that the facts on which it is based are incorrect or if other facts not within our possession should come to light.

The petition is dismissed.