**CRUMP v. HILL.**

No. 9053.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1939.

W. W. Venable, of Clarksdale, Miss., and Robert N. Somerville, of Cleveland, Miss., for appellant.

F. H. Montgomery, of Clarksdale, Miss., and J. C. Roberts, of Cleveland, Miss., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

What is in question here is whether though no notice of appeal was actually filed in time, the filing with the Clerk before the

[2] Idem., p. 440–41–42, 19 Am.Jur., Secs. 423–4; Secs. 433–4–5–6, pp. 291–2, 298–300.

appeal time had run of waiver of service of notice of and entry of an appearance to an appeal, together with a designation of the record on appeal by both appellant and appellee, perfected, and gave this Court jurisdiction of, the appeal. Appellee, urging that an actual filing of the notice of appeal required by Rule 73 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, within the time allowed for filing it is jurisdictional and therefore may not be waived, insists that the appeal should be dismissed for want of such filing. Appellant, urging that the filing of the waiver of service of notice of, and entry of appearance to, the appeal makes any other filing of notice unnecessary and that to grant the motion would be a sticking in the bark of form and a denial of substantial justice, insists that the motion should be denied.

This is the record. On October 27, 1938, judgment went against appellant. On December 22, 1938, he procured from appellee her written acknowledgment of service of notice of appeal and of designation of record on appeal and her entry of appearance, [1] and on the same day filed it together with designation of record and transcript of testimony with the Clerk. On January 2, 1939, appellee prepared and filed with the Clerk her designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal. On February 21st, appellant's counsel, advised, as he states in his brief, by the Clerk of this Court that the record should contain a notice of appeal, filed with the Clerk of the Court below a notice of appeal as follows:

"To Hon. Fred H. Montgomery, of Attorneys for Mrs. Ivy G. Hill, Defendant, Clarksdale, Miss.

"Notice is hereby given that C. H. Crump, plaintiff, above named, hereby appeals to the Circuit Court of Appeals for the Fifth Circuit, from the final judgment against him entered in the above action.

"W. W. Venable,
Of Attorneys for plaintiff.
"Filed: This 21st day of February, 1939. Hubert D. Stephens, Jr., Clerk, By M. A. Cook, D. C."

Appellee insists that the notice of appeal required by Rule 73 has but taken the place of the allowance of appeal formerly required and that, as under the former practice, application for and allowance of an appeal within the three months was jurisdictional, Kiehn v. Dodge County, 8 Cir., 19 F.2d 503, Robie v. Hart, Schaffner & Marx, 8 Cir., 40 F.2d 871, Donaldson v. Baltimore Acceptance Corp., 3 Cir., 38 F.2d 215, Robertson v. Morganton Full Fashioned Hosiery Co., 4 Cir., 95 F.2d 780, so the filing of the notice of appeal is jurisdictional here.

Appellant on his part insists that since under the new Rules no application to or order of the District Judge is required for an appeal, but an appeal is a matter of right, and only the filing of notice is necessary to start it, it will not do to press the analogy here between appeal by notice, and appeal by application and allowance, to the point of insisting that one is the equivalent of the other, and that as the application for, and the granting of, an appeal cannot be waived, the filing of notice under Rule 73 cannot be. Admitting that the actual filing of notice is jurisdictional, where the appellee had not as here waived the notice and entered her appearance, he insists that what has occurred here is the complete equivalent of such filing. He points out that in addition to her waiver of service of notice of appeal and entry of appearance, which appellant duly and timely filed, appellee has actually joined in the perfection of the appeal under the Rules by filing, on her part and within time, a designation of record contents.

We agree with appellant. It is true that Rule 73 does specifically provide that the only thing necessary to be done to perfect an appeal is to file notice thereof with the Clerk, making it the duty of the Clerk to see that notice thereof is served, and that a literal compliance with the Rule requires timely filing of the notice with the Clerk. The reason for the Rule, however, to set the appeal in motion by mere notice without judicial action, makes it quite clear we think that the appellant, when he procured from appellee and filed, her waiver of notice, her

---

[1] "I, F. H. Montgomery, of Counsel for Appellee, Mrs. Ivy G. Hill, defendant in the Court below, hereby acknowledge service of notice of appeal and designation of record. I hereby and herewith enter the appearance of the said Mrs. Ivy G. Hill in all respects as if she had been formally served with notice of appeal and Appellant's designation of record hereby waiving formal service of said papers. Witness my signature this 22nd day of December, 1938. F. H. Montgomery. Filed: This 22 day of December, 1938."

acceptance of designation, and her entry of appearance, just as effectively started his appeal as if he had merely filed the notice of appeal with, and left its service to, the Clerk. It is true enough that the starting of an appeal within the time fixed is jurisdictional and that good practice requires conformity to the formal requirements of the Rule. But it would we think be a harking back to the formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice, to hold that the extremely simple procedure required by the Rule is itself a kind of Mumbo Jumbo, and that the failure to comply formalistically with it defeats substantial rights.

If the appellant had not by filing his notice of appeal in February, when too late to be effective, called attention to the technical point now urged, we think it would hardly have occurred to appellee or to anyone else that what appellee and appellant did to perfect the appeal had not been effective to do so. The ill-advised late filing of that notice can have no effect upon the jurisdiction of this Court already established by the prior proceedings. It must be disregarded, as surplusage, its filing as a superfluous act.

Long before its filing and well within the time fixed by the Rules, appellant, in complete accordance with their spirit and in substantial accordance with their letter, had filed with the Clerk a complete equivalent of a notice of appeal, appellee's waiver of service of such notice and of designation of record contents, and her appearance to the appeal. By Rule 1 it is provided that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action, and by Rule 61 that the Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

We think that it was substantial compliance with the letter of Rule 73 to file, instead of the notice of appeal, the waiver of service thereof and appearance thereto, but if this ruling does violate its letter, it certainly accords with and gives effect to its substance and spirit. Indeed, it would we think be an exhibition of unsound reasoning and a clear abuse of judicial discretion for us to start the Rule off barnacled with the rigid and rigorous holding appellee's motion seeks.

The motion to dismiss is denied.