Jerome **KIRKSEY**, Petitioner

v.

**UNITED STATES of America,**
**Respondent.**

**Misc. No. 403.**

United States Court of Appeals
District of Columbia Circuit.

Decided Oct. 7, 1954.

**500**

Mr. Ashley Sellers, Washington, D. C., appointed by this Court subsequent to the filing of the petition for leave to appeal in forma pauperis, for petitioner.

Mr. Gerard J. O'Brien, Asst. U. S. Atty., Washington, D. C., with whom appeared Mr. Leo A. Rover, U. S. Atty., and Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at the time the petition was filed, for respondent.

Before STEPHENS, Chief Judge, and PRETTYMAN and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

 This is a petition by Jerome Kirksey for leave to appeal *in forma pauperis* from a conviction and sentence in the United States District Court for the District of Columbia and from an order of the same court denying a motion to vacate sentence and to correct clerical errors and denying an application for leave to appeal *in forma pauperis*.[1] We conclude that the petition must be denied because of Kirksey's failure to file in the District Court a timely notice of appeal or its legal equivalent.[2]

---

1. 28 U.S.C. § 1915(a) (1952) provides in pertinent part: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. . . ."

2. Filing a petition for leave to appeal *in forma pauperis* satisfies the requirement for filing a notice of appeal. Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956 (D.C.Cir.1952); *Accord*, Shan-

On March 16, 1953, Kirksey was convicted on separate counts of assault with a dangerous weapon and housebreaking. On March 17, the District Court imposed sentence (two concurrent terms of 16 to 48 months imprisonment). The effective date of the sentence, *i. e.,* the date of its actual entry, was March 19. On March 26, Kirksey moved for a new trial; that motion was denied on April 6. By a letter dated June 30 the Clerk of the District Court wrote Kirksey: "Your motion for a new trial was denied by Judge T. Blake Kennedy April 16, 1953 [*sic*]. According to the records in this office you were notified of this action on April 6, 1953." Notwithstanding this statement, there is no record in the office of the District Court Clerk that Kirksey was notified prior to the June 30 letter of the denial of his motion for a new trial.[3] On July 23, Kirksey filed in the District Court a "Motion to vacate sentence and correction of clerical errors" and an affidavit *in forma pauperis;* in that affidavit he made application for leave to appeal *in forma pauperis* from his conviction and sentence.[4] The Dis-

trict Court denied the motion and application on August 7, and the Clerk, by a letter dated August 10, notified Kirksey of that denial. The instant petition for leave to appeal *in forma pauperis* from the conviction and sentence and from the order of August 7 was received by this Court of Appeals on October 8 and was filed on October 9.

■ *The attempted appeal from the conviction and sentence:* (1) Rule 37 (a) (2) of the Federal Rules of Criminal Procedure provides, so far as here pertinent:

An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. . . .

Since Kirksey's motion for new trial filed on March 26 was denied on April 6 he had, assuming the motion was timely, ten days from April 6 in which to appeal. His petition for leave to appeal *in forma pauperis* filed on July 23 was therefore too late.[5]

non v. United States, 93 U.S.App.D.C. 4, 206 F.2d 479 (D.C.Cir.1953).

3. Kirksey's counsel at the hearing before this court on the petition for leave to appeal *in forma pauperis* stated that, except for the letter of June 30, there is no record in the Clerk's Office of any notice to Kirksey of the denial of his motion for a new trial. An affidavit filed in this court by Kirksey states that the Clerk failed to notify him until June 30 of the denial of his motion for new trial. There was no counter statement by the Government in open court, and no counter affidavit has been filed by the Government.

4. Kirksey presumably filed in the District Court both a petition for leave to appeal *in forma pauperis* (the legal equivalent of a notice of appeal) and a motion to vacate sentence and to correct clerical errors because he thought, when he received the June 30 letter from the Clerk, that he could not file a timely notice of appeal since the ten-day period provided by Fed.R.Crim.P. 37(a) (2), which, as will appear in the text below, had commenced to run on April 6 had long since expired. Kirksey's motion to vacate sentence and *correct clerical er-*

*rors* apparently sought to remedy the situation by obtaining a court order changing, or re-entering, the April 6 date in such manner as to make it possible for him to appeal. Cf. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). In that case, a civil proceeding, on the application of a would-be appellant who had not received notice of the entry of a judgment against him, the District Court vacated the original judgment and re-entered the same solely for the purpose of permitting the filing of a timely notice of appeal. That action was approved by the Supreme Court. But a subsequent amendment to Rule 77(d) of the Federal Rules of Civil Procedure, makes such action by a district court no longer possible. See, however, Rule 73 (a).

5. It will be noted that Kirksey's motion for new trial, although filed in the District Court within the ten-day period referred to in Fed.R.Crim.P. 37(a) (2), was filed more than five days after verdict. Under Fed.R.Crim.P. 33, a motion for new trial must be made within that five-day period unless the motion is based upon the ground of newly-discovered evidence, in which event the limit is two

■ (2) The letter of June 30 from the District Court Clerk incorrectly informed Kirksey that his motion for new trial had been denied on April 16. But this does not make it possible to bring Kirksey's present petition for leave to appeal *in forma pauperis* from the conviction and sentence within the ruling of this court in West v. United States, —— U.S.App.D.C. ——, —— F.2d ——, April 1, 1954. In that case the Clerk of the District Court, on October 20, 1952, wrote a letter notifying West that a motion which he had filed under 28 U.S.C. § 2255 (1952), to set aside a conviction and to vacate a judgment, had been denied, but the Clerk's letter did not state the date of the denial which was in fact October 13. Within sixty days (the time within which an appeal must be taken from a denial of a motion to vacate under § 2255) of October 20, West lodged with the Clerk of this Court of Appeals a motion for permission to appeal *in forma pauperis*. This court ruled that since this was presented to the Clerk within sixty days of the date which West had reasonably relied upon as the date of the denial of his motion to vacate the court could treat it as filed in time.[6] But in the instant case, although Kirksey, in view of the letter of the Clerk of June 30, might reasonably have relied upon April 16 as the date of the denial of his motion for new trial, he did not file in the District Court his petition for leave to appeal *in forma pauperis* until July 23, which was more than the

ten days from April 16 allowed by Rule 37(a) (2), above quoted.

(3) We take note of Oddo v. United States, 171 F.2d 854 (2 Cir., 1949) ruling that in a criminal case the time for taking an appeal runs from the date of the receipt by the defendant of a late notice from the Clerk.[7] We take note also of Wallace v. United States, 174 F. 2d 112 (8 Cir.), certiorari denied, 337 U. S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, rehearing denied, 338 U.S. 842, 70 S.Ct. 30, 94 L.Ed. 515 (1949); Carter v. United States, 168 F.2d 310 (10 Cir., 1948); and Remine v. United States, 161 F.2d 1020 (6 Cir.), certiorari denied, 331 U.S. 862, 67 S.Ct. 1759, 91 L.Ed. 1868 (1947), which suggest that the time runs from the date of the mailing of a late notice. But we do not reach the question of the persuasiveness of those decisions because, in the instant case, Kirksey did not file in the District Court his petition for leave to appeal in forma pauperis from the conviction and sentence within ten days from either the mailing of the Clerk's letter of June 30 or his receipt of that letter.[8]

■ *The attempted appeal from the order denying the motion to vacate sentence and to correct clerical errors and denying the application for leave to appeal* in forma pauperis: The motion in question was presumably made under Fed.R.Crim.P. 36.[9] But under Rule 37 (a) (2), Kirksey had ten days from August 7, the date of denial of the motion, in which to take his appeal, and he at-

---

years. But no point is made of this by the Government. Moreover, the motion for new trial contains one ground which appears to assert the existence of newly-discovered evidence, and we therefore treat the motion for new trial as timely filed.

6. The court ruled also in the West case, upon the faith of Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346, decided March 15, 1954, that under the circumstances existing in the West case the filing in this court, rather than in the District Court, of the motion for permission to appeal *in forma pauperis*, was not fatal.

7. See Fed.R.Crim.P. 49(c): "Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing."

8. Petitioner is confined at Lorton, Virginia, so that the mailing process was presumably brief.

9. "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

tempted no appeal in either the District Court or this Court of Appeals until October 8. Even if the present petition lodged in this Court of Appeals on October 8 and filed on the 9th were treated as equivalent to a notice of appeal filed in the District Court, as in Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346 (D.C.Cir.1954), Kirksey would still be out of time.

The attempted appeal from the denial by the District Court of the application for leave to appeal *in forma pauperis* is also untimely whether the application be treated as part of a criminal or of a civil proceeding (a matter upon which we do not rule), since October 8 is more than sixty days from August 7. Fed.R.Civ.P. 73 (a) requires an appeal to be taken within sixty days in actions to which the United States is a party.

Petition denied.