UNITED STATES of America

v.

Thomas Anthony BERTONE, Appellant.

No. 12389.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1957.

Decided Nov. 1, 1957.

Horace S. King, Union City, N. J., for appellant.

Albert P. Trapasso, Asst. U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The defendant was convicted by a jury in the District Court for the District of New Jersey on March 28, 1957 of various charges under the bribery and extortion statutes. He was sentenced in open court on April 12, 1957 and a judgment of sentence and commitment was entered on April 18, 1957. On April 22, 1957 the defendant filed motions for a new trial and in arrest of judgment which were argued in the district court on June 24, 1957. On the same day the district court verbally denied the motions and directed that an

order of denial be submitted for signature. On July 3, 1957 the defendant filed an appeal which was dismissed by this court on August 12, 1957 on the ground that the action of June 24th was not an appealable order. 247 F.2d 268. On August 9, 1957 the district court entered a formal order denying the motions for a new trial and in arrest of judgment and on August 19th the defendant appealed from that order and from the original judgment of April 18, 1957. The Government has now moved to dismiss this second appeal upon the ground that it was not filed within the time limited by the Federal Rules of Criminal Procedure, 18 U.S.C.

The defendant relies upon the first sentence of Rule 37(a) (2) which provides:

"An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion."

His contention is that since his motion for a new trial was made within 10 days after the entry of the judgment appealed from it tolled the running of the appeal period so that his present appeal, which was taken within 10 days after the entry of the order denying the motion, was in time to bring up the original judgment for review on its merits. He contends, moreover, that his motion for a new trial was based in part on the ground of newly discovered evidence and its denial is therefore independently reviewable upon this appeal.

The Government relies upon the third and fourth sentences of Rule 33 which are as follows:

"A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

The Government's contention is that the defendant's motion for a new trial was not based on the ground of newly discovered evidence, within the meaning of Rule 33, but asserted only trial errors and matters which were known by the defendant at the time of trial. Accordingly, says the Government, Rule 33 required the motion to be filed within five days after the verdict, that is, on or before April 2d, and since it was not filed until April 22d it was untimely. The Government further contends that a motion for a new trial, the filing of which under the provisions of Rule 37(a) (2) tolls the time for taking an appeal, must be one which is timely filed under Rule 33 and that a paper, even though denominated a motion for a new trial, which is not filed within the times specified in Rule 33 cannot operate to toll the appeal period even though it is physically filed in the clerk's office within 10 days after the entry of judgment of conviction.

We think that the construction which the Government asks us to place upon Rule 37(a) (2) is the right one since it harmonizes the provisions of Rules 33 and 37(a) (2), giving full effect to each, and thus carries out what must have been the intent of the Supreme Court in promulgating both rules at the same time.

Under the defendant's construction of Rule 37(a) (2) any motion for a new trial would be timely if made within 10 days after entry of judgment. This is the necessary result of the defendant's contention. For Rule 37(a) (2) reads in terms of the denial of the motions for a new trial to which it refers. Denial presupposes consideration of the merits. And since motions for a new trial which are untimely filed may not be considered on their merits but must be dismissed or stricken as without effect, Marion v.

United States, 9 Cir., 1948, 171 F.2d 185, 186, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, and see United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610, it follows that if the defendant is right any motion for a new trial which is filed within 10 days after entry of judgment is timely and must be considered and granted or denied on its merits. This, however, would have the effect of writing out of Rule 33 the specific limitation that a motion for a new trial based on grounds other than newly discovered evidence "shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period." We cannot agree to a construction of Rule 37(a) (2) which would thus eliminate the 5-day limitation of Rule 33 and substitute a period which would always be at least 10 days and could be much longer than that. For example, in the present case a motion for a new trial filed within 31 days after verdict would have been timely, in the defendant's view.

The construction which the defendant thus urges was applied by the Court of Appeals for the Tenth Circuit in Lujan v. United States, 1953, 204 F.2d 171. However, we find ourselves unable, for the reasons already stated, to follow that case. On the contrary we are in accord with the view of the Court of Appeals for the Ninth Circuit stated in Marion v. United States, 1948, 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, that a motion for a new trial if not made within the time prescribed by Rule 33 is without force and effect to toll the running of the appeal period under Rule 37(a) (2). We conclude, therefore, that the motion for a new trial which was made by the defendant in this case within 10 days after the entry of judgment of conviction did not toll the running of the period for appeal from that judgment unless it was timely made within the limitations of Rule 33.

Since the defendant's motion was not made within 5 days after the verdict and since no extension of time was granted under Rule 33 for filing it, the motion clearly was not timely under that rule except to the extent that it was based on the ground of newly discovered evidence. However, since a motion on that ground may be made, under the provisions of Rule 33, before or within 2 years after final judgment the defendant's motion was timely if and to the extent that it was based on newly discovered evidence. For it was filed within 4 days after the entry of final judgment. Accordingly if the motion made within 10 days after judgment was actually based on the ground of newly discovered evidence it did operate to extend the appeal period since Rule 37(a) (2) does not contain any qualification limiting the motion for a new trial to which it refers to one based on grounds other than newly discovered evidence. This brings us to the determinative question, which is whether the defendant's motion did in fact assert newly discovered evidence within the meaning of Rule 33 as a ground for granting a new trial.

The defendant's motion set out 15 separately numbered grounds for a new trial. Only the last of these can possibly be regarded as involving newly discovered evidence. These grounds were set out in the motion as follows:

"15. The defendant in the course of the trial requested his counsel to produce the following as defense witnesses or their sworn statements and depositions: Levon Ovanessian, Varoojan Kotangian, and Joseph Radford. Ovanessian and Kotangian are now in San Francisco, and in the Fall of 1955 were interviewed, at the Immigration Building, Sansome Street, San Francisco, California, by United States agents who solicited from them statements adverse to the defendant herein. At that time they threatened Ovanessian and Kotangian with deportation for refusal to testify against the defendant, Thomas A. Bertone. Apparently, no attempt was made by

defense counsel to call these witnesses or to procure their testimony.

"With regard to Joseph Radford, who was involved with the defendant in the incident in New Delhi, India, and who was in the same room with the defendant when the raid took place, more than one attempt was made by the defendant to contact him and to procure him as a witness for the defense; but the Government sent him out from Washington on a tour of the country. He was never indicted as was the defendant herein.

"At a New Trial of this cause, these witnesses will be produced in person to testify for the defense. The affidavit of Levon Ovanessian, dated April 15, 1957, is incorporated herein, and made a part of this application and Motion for a New Trial. The sworn statement of Varoojan Kotangian, through his attorney, is now in the possession of this Court. However, a photostatic copy of same is incorporated herein and made a part of this application and Motion for a New Trial.

"Attempts were made by the government to procure adverse statements against the defendant from two (2) employees of the American Embassy in Teheran—Carlos Mehrabian and Hamik Grigorian—and on their refusal the former was fired and the latter sent to jail. Leon Shaninian, a former employee of the Embassy, was forced to give adverse statements against the defendant because two (2) space heaters belonging to Point IV were found when his residence was searched. He gave this statement in order to escape governmental proceedings against him."

■ We are satisfied that the grounds for a new trial thus stated by the defendant do not constitute newly discovered evidence within the meaning of Rule 33. It is settled that evidence to come within this category (1) must have been discovered since the trial, (2) must not be merely cumulative or impeaching, (3) must be material to the issues involved, (4) must be of such nature that in a new trial it would probably produce an acquittal, and (5) the party seeking the new trial must show diligence in the attempt to procure it. Johnson v. United States, 8 Cir., 1929, 32 F.2d 127; Thompson v. United States, D.C.Cir.1951, 88 U.S.App.D.C. 235, 188 F.2d 652; United States v. Rutkin, 3 Cir., 1953, 208 F.2d 647; United States v. Malfetti, D.C.N.J. 1954, 117 F.Supp. 468, affirmed 3 Cir., 1954, 213 F.2d 728. It is clear that the witnesses referred to in the defendant's quoted grounds for a new trial, Ovanessian, Kotangian and Radford, were known to the defendant prior to the trial. It is also clear that he believed that they would be favorable to his defense and he states that he requested his counsel to produce them as defense witnesses but that "Apparently, no attempt was made by defense counsel to call these witnesses or to procure their testimony." The defendant asserts that at a new trial these witnesses would be produced to testify in his defense.

■ The defendant was represented at the trial by counsel of his choice [1] and is bound by his decisions as to trial strategy. United States v. Sorrentino, 3 Cir., 1949, 175 F.2d 721, 723, certiorari denied 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532; United States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407, 426, certiorari denied Maroney v. U. S. ex rel. Darcy, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375; Cruzado v. People of Puerto Rico, 1 Cir., 1954, 210 F.2d 789, 791. The fact that the defendant now believes that he can obtain the presence and testimony of favorable witnesses whom his

1. It appears that at the time of trial and at the time of pronouncement of sentence the defendant was represented by counsel of his own choice and on April 22, 1957 the defendant moved and was granted leave to substitute another attorney of his choice for the purpose of filing the motions for a new trial and in arrest of judgment. The latter attorney has taken the present appeal.

counsel knew of but did not call at his trial cannot by any stretch of the imagination come under the category of newly discovered evidence. And so far as concerns Mehrabian, Grigorian and Shaninian whom the defendant also mentions in his grounds for a new trial he does not even assert that they can now be produced to testify in his favor or that he desires to produce them but merely that two of them were persecuted by the Government for refusal to give statements against him and that the third was coerced by the Government into giving such a statement. These allegations, as well as the defendant's statements that Ovanessian and Kotangian were threatened in 1955 by the Government with deportation for refusal to testify against the defendant and that the Government had sent Radford on a tour of the country to prevent the defendant from procuring him as a witness, are serious charges which could have been raised on a timely appeal from his conviction and which, if they involve a deprivation of constitutional rights, may well be considered on a motion under section 2255 of title 28, United States Code. But they certainly do not constitute newly discovered evidence.

■ We are compelled to conclude that the defendant's motion for a new trial was not based to any extent whatever upon the grounds of newly discovered evidence. It necessarily follows that the motion was required by Rule 33 to be filed within 5 days after the verdict and that its subsequent filing did not toll the time limited by Rule 37 (a) (2) for taking an appeal from the judgment of conviction. The present appeal accordingly does not bring the merits of that judgment to this court for review.

■ The appeal was, however, taken within 10 days after the entry of the order denying the defendant's untimely motion for a new trial and the question remains whether it was effective to bring that order, as distinguished from the antecedent judgment of convic-

tion, to this court for review. It has long been settled that ordinarily the denial of a motion for a new trial is not appealable since it does not involve appealable subject matter which is independent of and reviewable separately from the judgment with respect to which the new trial is sought. Clune v. United States, 1895, 159 U.S. 590, 591, 16 S.Ct. 125, 40 L.Ed. 269; Lefco v. United States, 3 Cir., 1934, 74 F.2d 66, 69; McElheny v. United States, 9 Cir., 1944, 146 F.2d 932, 933; Greenwood v. Greenwood, 3 Cir., 1955, 224 F.2d 318, 319. There is an exception to this rule, however, in the case of a motion for a new trial which is based upon grounds arising subsequent to the antecedent judgment and which accordingly could not have been considered upon an appeal from that judgment. John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 1956, 239 F.2d 815, 816. Newly discovered evidence asserted as a ground for a new trial comes within this category and the denial of a motion based upon that ground may amount to an independently reviewable abuse of discretion by the district court. Hamilton v. United States, D.C.Cir.1944, 78 U.S.App. D.C. 316, 140 F.2d 679, 682; United States v. Rutkin, 3 Cir., 1953, 208 F.2d 647; Balestreri v. United States, 9 Cir., 1955, 224 F.2d 915, 916. Accordingly if the defendant's motion for a new trial actually had been based upon newly discovered evidence the denial of the motion would have been reviewable upon the present appeal. But, as we have seen, the defendant does not in fact assert newly discovered evidence but relies wholly upon matters occurring at the trial or which were known to him at the time of the trial. Since these matters could have been raised upon appeal from the judgment they do not constitute appealable subject matter which is open for consideration upon an independent review of the order denying defendant's motion for a new trial. It follows that the order is not appealable.

Accordingly, the appeal will be dismissed.