Print Carter O'NEAL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17489.

United States Court of Appeals Fifth Circuit.

March 18, 1959.

Rehearing Denied May 1, 1959.

---

Hayden Rector, Wallace L. Johnson, Mobile, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

A jury returned its verdict finding the appellant guilty of violating certain sections [1] of the Internal Revenue Code relating to distilled spirits, and the court sentenced him to imprisonment for three years. The present submission is upon the Government's motion to dismiss the appeal for want of timely notice of appeal.

The date of the judgment of conviction was October 16, 1958. After the jury returned its verdict, the following discourse took place between the district judge and appellant's counsel:

"Judge Thomas: Is there anything you want to say on behalf of Mr. O'Neal?

"Mr. Johnson: At the proper time we will serve notice of appeal.

"Judge Thomas: I will sentence him now and increase his bond substantially. Is there anything you want to say Mr. O'Neal?

"Mr. Johnson: He has nothing to say.

"Judge Thomas: I have had a pre-sentence report made on you. You have bullied the people up there for years. You have got a terrible reputation as a bootlegger and everything else. It is the judgment of the Court that you be sentenced to the custody of the Attorney General for a period of three years. Now, do you want to give notice of appeal?

"Mr. Johnson: Yes, sir." [2]

On October 22, 1958, the Clerk of the District Court wrote appellant's counsel a letter with reference to the designa-tion of the record on appeal in which he stated: "On the 16 day of October, 1958, you filed a Notice of Appeal in the above entitled case." The Clerk sent a copy of that letter to the United States Attorney. On the same date, the Clerk sent appellant's counsel a copy of a letter to the Clerk of the Court of Appeals enclosing a statement of the docket entries in the case, the last of which was "Oral Notice of Appeal filed in open court on the 16 day of October, 1958."

In brief, appellant's two counsel insist that each of them was misled into thinking that the other had filed a written notice of appeal. They did not discover otherwise until October 31, 1958, after the United States Attorney had filed a motion for an order directing appellant to be surrendered to begin serving his sentence. On that date, October 31, 1958, a written notice of appeal from the judgment of conviction was filed and there was also filed a motion for a new trial on the grounds, among others, of newly discovered evidence. The motion for new trial was denied on November 18, 1958. On November 20, 1958, a written notice of appeal from the order denying the motion for new trial was filed. On November 26, 1958, another written notice of appeal from the judgment of conviction was filed.

■ The method of taking an appeal to a United States Court of Appeals is governed by Rule 37(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. That rule requires a notice of appeal to be filed with the Clerk of the District Court within ten days after the entry of the judgment or order appealed from. If a motion for a new trial has been made within the ten-day period, then an appeal from a judgment of conviction may be taken within ten days

---

1. Sections 5008(b) and 7203(4) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 5008(b), 7206(4).

2. Some confusion may have been occasioned by consideration of one of the alternative methods of appealing in criminal cases in the State Courts of Alabama, which may be in the following manner: "(a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered * * *." Code of Alabama 1940, Title 15, Sec. 368(a).

after entry of the order denying the motion. All of the parties recognize that the timely filing of notice of appeal with the Clerk of the District Court is jurisdictional and is an essential prerequisite to the perfection of an appeal.[3]

■ That requirement has been liberally construed by the courts in connection with Rule 52(a), the harmless error rule.[4] Such liberality cannot, however, be extended so far as to authorize the Clerk to act for a defendant represented by counsel in the manner that he is required by Rule 37(a) (2) to act upon the request of one not so represented. In fact, the Clerk in his letters did not purport to be acting for the defendant. Nor can the liberality of construction extend so far as to permit the substitution of an oral notice of appeal for the filing of the written notice required by Rule 37.[5]

Rule 33 of the Federal Rules of Criminal Procedure permits a motion for new trial based on the ground of newly discovered evidence to be made "within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." That rule provides that a motion for new trial based on any other grounds shall be made within five days after verdict or finding of guilty or "within such further time as the court may fix during the 5-day period."

■ The motion for new trial on the ground of newly discovered evidence was made within two years after final judgment and was, therefore, seasonably made. It was not, however, made within ten days after the entry of the judgment of conviction as provided in the rule relating to the time for taking an appeal. Rule 37(a) (2), Federal Rules of Criminal Procedure. To extend the time for taking an appeal, a motion for new trial must be both (a) timely made under Rule 33 and (b) made within ten days after entry of the judgment of conviction under Rule 37(a) (2). See United States v. Bertone, 3 Cir., 1957, 249 F.2d 156.

■ Appellant insists that if the notice of appeal was not timely filed it was through inadvertence, mistake, or excusable neglect on the part of his attorneys, from which he should be relieved under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Perhaps the Rules of Civil Procedure may be considered when the procedure is not specifically proscribed by the Rules of Criminal Procedure. See Rule 57(b), Federal Rules of Criminal Procedure. If so, however, the governing rule is Rule 73(a), Federal Rules of Civil Procedure, which gives jurisdiction to extend the time for appeal only in the event of excusable neglect based on the failure of a party to learn of the entry of the judgment.[6] It results that this Court has no jurisdiction of the appeal from the judgment of conviction and said appeal is therefore dismissed.

The Government makes no objection to the written notice of appeal filed November 20 from the judgment of November 18 denying the defendant's motion for new trial. That appeal will be set for hearing in due course.

Appeal from judgment of conviction dismissed.

JOHN R. BROWN, Circuit Judge (dissenting).

What happened here may be swiftly and graphically told:

(1) Defendant was sentenced

---

3. Scott v. United States, 10 Cir., 1944, 145 F.2d 405; Lujan v. United States, 10 Cir., 1953, 204 F.2d 171; Wagner v. United States, 4 Cir., 1955, 220 F.2d 513; United States v. Bertone, 3 Cir., 1957, 249 F.2d 156.

4. Lemke v. United States, 1953, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3; Compare Crump v. Hill, 5 Cir., 1939, 104 F.2d

36; Ward v. Atlantic Coast Line R. Co., 5 Cir., 265 F.2d 75.

5. United States v. Isabella, 2 Cir., 1938, 251 F.2d 223.

6. Knowles v. United States, 5 Cir., 1958, 260 F.2d 852, 854; Howard v. Local 54, etc., 7 Cir., 1953, 208 F.2d 930, 932.

(2) Immediately after sentence, his attorney gave notice of appeal in open court

(3) The Court, through the Judge, accepted the notice of appeal

(4) The Court, through its Official Reporter, recorded the notice of appeal

(5) The Court, through the Clerk, accepted and recorded the notice of appeal in the docket entries of the case

(6) The Clerk, as the rule requires, sent written notice to Government counsel of the notice of appeal.

But because this was not further evidenced by a written paper signed by the same counsel who spoke for the defendant, we hold that the defendant through this error of his counsel has forfeited the valuable right of appeal.

That such a result could occur in this age of judicial enlightenment amazes me.

Lest the emphatic overtones of such language be equated with softhearted or softheaded indulgence of those whom society must rightfully protect itself against, I must quickly state what I do *not* contend.

First, I am in full agreement with the Court that *time* is the absolute and imperative determinant. The *time* may not be extended. I therefore agree with Judge Miller's dissent in Robinson v. United States, D.C.Cir., 1958, 260 F.2d 718, 720, now pending after grant of writ of certiorari.

Second, *timely* notice of appeal is jurisdictional and cannot be waived or disregarded.

But the question here is not whether notice of appeal was given in *time*. Immediately after sentence was, of course, within the ten-day period allowed. F. R.Cr.P. 37.

The question is whether *that* notice must be in writing and is altogether ineffectual if, though given, it is not in writing. Since there is now an abundant written record of the notice of appeal (the Court Reporter's transcript, Clerk's docket sheet, Clerk's letter to all counsel), it narrows it down even further. The question is finally: must the notice bear the signature of the lawyer?

We are not here dealing with a situation in which there is any *doubt* as to what occurred. I am as firm as the majority in the holding that tardy appeals may not be allowed because of uncertainty on what transpired. I agree with the unexpressed but implicit conviction that the time may not be extended because doubt exists. Indeed, I would go so far as to hold that the formal, signed, written notice of appeal may be excused only where, as is true here, the Court, the Clerk, the defendant, and all counsel know that notice of appeal has been purposefully given—although in a different mode—and the Court and Clerk have accepted and acted on it as though given in precise compliance with the rules.

As I understand it, the purpose of Rule 37 and 45(b) was to do two things. First, it was to put an absolute time limit on appeals. This was a positive, though occasionally arbitrary, way of eliminating the scandal of delay which has characterized so much of American criminal law in contrast to that of the English Commonwealth. Second, it was to eliminate all doubt or uncertainty as to the fact of (a) the giving of the notice and (b) the time it was done.

Here both of these requirements are met. It was timely. It could not have been more timely. And it was given. No one denies or disputes that it was. It was given by the one authorized generally to act in Court—defendant's counsel—and the one specifically authorized to sign a formal, written notice. It related to the one and only judgment of conviction just announced by the Court which alone could have been the subject of an appeal. It told all what Form 26 "Notice of Appeal" would have conveyed.

All that was absent was one small, little piece of paper.

This is completely out of character with what this and other Courts have done, either under this Criminal Rule or its counterpart of the Civil Rules, FRCP 73(b), which is, all concede, equally jurisdictional.

Applications for leave to appeal in forma pauperis unaccompanied by formal, written notice of appeal are universally regarded as the equivalent of the written notice of appeal. Randolph v. Randolph, 1952, 91 U.S.App.D.C. 170, 198 F.2d 956; Shannon v. United States, 1953, 93 U.S.App.D.C. 4, 206 F.2d 479; Kirksey v. United States, 1954, 94 U.S. App.D.C. 393, 219 F.2d 499; Boykin v. Huff, 1941, 73 App.D.C. 378, 121 F.2d 865. This is so because it is an "unequivocal notification of intention to appeal," Blunt v. United States, 1957, 100 U.S.App.D.C. 266, 244 F.2d 355, 359. Likewise, a petition for leave to file a petition for writ of mandamus presented to the Court of Appeals immediately after refusal of the trial court to entertain a proceeding under 28 U.S.C.A. § 2255 was treated "as the equivalent of the taking of an appeal" sufficient to review the merits of the 2255 proceeding. Jordan v. United States, 1956, 98 U.S. App.D.C. 160, 233 F.2d 362, 364, 365.

Similarly, applications for leave to appeal in forma pauperis are universally held to be a sufficient compliance with the requirements of FRCP 73(a) which is both equally jurisdictional and equally positive in its demands for a·"written" notice. Indeed, what we said in sustaining the valuable right of appeal pertaining to property rights would certainly not be out of place when a man's liberty is at stake. "The rules have for their primary purpose the securing of speedy and inexpensive justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants. * * * Therefore, substantial compliance with the rules is sufficient, and appellant's petition for leave to appeal in *forma pauperis* adequately met the re-

quirements of Rule 73(a)." DesIsles v. Evans, 5 Cir., 1955, 225 F.2d 235, 236. These lofty aspirations were repeated by us in Roth v. Bird, 5 Cir., 1956, 239 F.2d 257, 259.

Such expressions are but a part of the large stream by which this Court tries mightily to grasp and make a living principle the requirement that "the Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties," FRCP 61, and "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded," F. R.Cr.P. 52(a). This Court, long ago, and shortly after the Civil Rules were promulgated, rejected the idea that fundamental things were to be measured by such punctilious perfection. Holding a notice of appeal altogether unnecessary where it had been waived expressly, the Court in Crump v. Hill, 5 Cir., 1939, 104 F.2d 36, 38, discussed extensively 7 Moore, Federal Practice § 73.13, p. 3158, and equated in Judge Pope's dissent, United States v. Arizona, 9 Cir., 1953, 206 F.2d 159, 161, reversed, per curiam, 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405, with Boykin v. Huff, supra, used language in 1939 which fits two decades later:

> "But it would we think be a harking back to the formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice, to hold that the extremely simple procedure required by the Rule is itself a kind of Mumbo Jumbo, and that the failure to comply formalistically with it defeats substantial rights."

The missing paper is small. Its message was unilluminating. Its rustle makes but a tiny noise. But it penetrates and persists. Harkening to it, I hear a reformer's skeleton rattle. And I see scurrying about with their manifolds and foolscaps of exemplications, bails, vouchers, replications, recordats, demurrers, and mittimus scriveners and clerks glorying that once again things

legal must be done in due and proper order.

I dissent.

Rehearing denied: BROWN, Circuit Judge, dissenting.