**UNITED STATES of America,
Plaintiff,**

v.

**Jack Wayne LYLES, Defendant.
Crim. No. 13038.**

United States District Court
S. D. Texas,
Houston Division.
Feb. 4, 1960.

William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

William F. Walsh, Houston, Tex., for defendant.

JOE M. INGRAHAM, District Judge.

This supplements memorandum opinion of this court dated June 16, 1959, reported 175 F.Supp. 85.

The United States Court of Appeals for the Fifth Circuit, by its opinion of December 8, 1959, 272 F.2d 910, 912, vacated this court's action denying the defendant's motion for new trial and remanded for hearing in the following language:

"The testimony taken upon a hearing, with the added safeguards of examination and cross-examination of the witnesses, might more accurately disclose whether or not the appellant and his trial counsel exercised due diligence in not offering Hill as a witness for the defendant; it might also show just what, if anything, Hill had told the FBI Agents and the Assistant United States Attorney at the time of appellant's tri-al. What he may then have said, as well as the elaboration of Hill's testimony as a witness and his personal demeanor and appearance, may show more clearly whether there is or is not credible evidence discovered since the trial which should call for the granting of the appellant's motion for new trial."

In obedience thereto, this court conducted a hearing on February 1, 1960, heard all of the evidence presented by defendant Lyles and the Government, and again concluded that Lyles, the moving party, did not carry his burden of proving that he was entitled to a new trial. After hearing arguments concerning the evidence and the applicable law, it is my opinion that the discussion of the law and the facts of the case, set forth in my earlier opinion, is correct and proper. In judging the facts and the law presented, I apply the following tests:

1. Is the evidence in fact newly discovered?

2. Was defendant's trial counsel diligent in trying to discover such evidence?

3. Is the offered testimony of Hill more than merely cumulative or impeaching?

4. Is the testimony of Hill material?

5. Is the testimony of Hill such that at a new trial it would probably result in an acquittal of Jack Wayne Lyles?

The above test was formulated upon the cases of United States v. Berkshire Fabricators Co., D.C.R.I.1955, 17 F.R.D. 44 and United States v. Bertone, 3 Cir., 1957, 249 F.2d 156. The latter case was cited with approval in O'Neal v. United States, 5 Cir., 1959, 264 F.2d 809. My conclusion on the facts presented is that the testimony of Hill is not newly discovered evidence, and it would not be likely to result in an acquittal of Lyles if a new trial were to be granted.

Hill was present throughout the trial and his presence was well known to de-

fendant and his attorney. Hill now testifies that if he had been called he would have testified that Lyles was "not the man". His description of his assailants given at the hearing varies from that given to F.B.I. Agent Brady in November 1955, following his arrest. The description given to Brady describes two men, one dark, about 6 ft. 1 in., the other ruddy, about 5 ft. 6 in. In his present testimony he describes one tall and dark, the other fair, about 5 ft. 10½ in. His testimony materially changes the description of the shorter man. The description of the shorter man, given in November 1955, could reasonably be applied to describe Lyles. The description given in his present testimony could not.

■ It remains my opinion that Hill, present throughout the trial, was available to be called to the stand by either side. Failure to call him was a decision of trial strategy. That defendant is bound by his attorney's trial strategy is supported in United States v. Bertone, supra, cited in my original opinion.

After hearing the testimony of Hill, William H. Scott, Jr., defendant's trial attorney, Gordon J. Kroll, the trial prosecutor, F.B.I. Agents John Brady, George Treadwell and Regis J. Carr; and after hearing the argument of counsel in support of and against the motion, it is my opinion that defendant-movant has not shown himself entitled to a new trial. Defendant was afforded trial by jury and the witness (Hill) now offered as grounds for a new trial was available at that time. Even if trial counsel used the utmost diligence in examining and questioning Hill during pre-trial preparation, I now find that Hill's testimony, varying as it does from statements given, following his arrest, would not be likely to result in acquittal of the defendant at a new trial.

The motions and the amended motions of the defendants are each jointly and severally without merit and should be dismissed.