UNITED STATES of America

v.

Charles KAMPAS.

Crim. No. 15689.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1960.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Harry Alan Sherman, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In October, 1959, Charles Kampas and George Turajlich were convicted by a jury of armed robbery of a savings and loan association in Pittsburgh in March, 1956, and conspiracy to rob same. The verdict established that they aided and abetted the actual robbers, Joseph Riley and Stanley Randall, to commit the crime and to make a getaway. One of the alleged conspirators was Charles Creedon, a policeman, who pleaded guilty. Riley and Randall were Government witnesses. The conviction was affirmed on appeal, 277 F.2d 805; certiorari was denied by the Supreme Court of the United States on October 10, 1960, Turajlich et al. v. United States, 1960, 364 U.S. 823, 81 S. Ct. 58, 5 L.Ed.2d 52.

On October 17, 1960, Stanley Randall executed an affidavit averring, inter alia, that prior to the robbery he had heard that Kampas was to drive one of the getaway cars, but that although he "did not have a clear opportunity to observe the driver", Kampas was not the driver.[1]

On the basis of Randall's affidavit, Kampas presented a petition on October 27, 1960, for a new trial by reason of after-discovered evidence.

In our opinion the grounds stated in the petition in conjunction with the affidavit of Randall do not come under the category of after-discovered evidence.[2] The petition for a new trial will be denied.

Randall did not know Kampas prior to the robbery and after the robbery had only three to five minutes to observe him in the getaway car in which Randall sat in the back seat. Randall admitted he had defective vision (T., p. 55).

When Randall was on the witness stand as a witness for the Government, he was not asked by the prosecution or the defense any question as to the identity of the driver of the getaway car which Kampas is supposed to have driven. Turajlich drove the first getaway car from the scene of the robbery. Randall stated on direct examination that he and Riley left Turajlich's car and got into the second getaway car. He was then asked (T., pp. 38, 39):

"Q. Did you or Mr. Riley drive this vehicle? A. No, we did not.

"Q. Somebody else drove it? A. Yes, sir."

The robbery had been perpetrated nearly three years before the trial.

Although Kampas had full opportunity to cross-examine Randall, his attorney did not see fit to ask him one question concerning the identity of the driver of the second getaway car. However, it was obvious to everyone at the trial that

---

1. Randall's affidavit was executed following an interview with counsel for Kampas at the Federal Penitentiary at Lewisburg.

2. In United States v. Bertone, 3 Cir., 1957, 249 F.2d 156, at page 160, it is stated:

"It is settled that evidence to come within this category (1) must have been discovered since the trial, (2) must not be merely cumulative or impeaching, (3) must be material to the issues involved, (4) must be of such nature that in a new trial it would probably produce an acquittal, and (5) the party seeking the new trial must show diligence in the attempt to procure it."

Randall did not identify the driver of this car. Before completing his cross-examination of Randall, Kampas' attorney asked for and received Randall's confession and statements made to law enforcement officers (T., pp. 48, 49). Thus counsel knew from Randall's extrajudicial statements that he could not identify Kampas. Nevertheless, for reasons known only to himself, he did not ask Randall to state affirmatively that he could not identify the driver as Kampas nor did he interrogate him as to the driver's appearance. There is no reason to doubt that, if appropriately examined, Randall would have testified at the trial in accordance with the statements contained in his affidavit. There is no allegation that he gave any false testimony at the trial. His affidavit does not reflect any recantation or false swearing on his part at the trial.

■■ We conclude that the alleged after-discovered evidence, if desired, could have been obtained at the trial by the exercise of due diligence in cross-examining Randall. A lack of due diligence in obtaining evidence does not constitute a basis for granting a new trial on the grounds of newly-discovered evidence. Cf. United States v. Costello, 2 Cir., 1958, 255 F.2d 876. Kampas was represented by counsel of his choice, and if that counsel as part of his trial strategy deliberately decided to forego cross-examining Randall with respect to his observation anent the driver of the second getaway car, Kampas is bound by his counsel's decision. Evidence available at trial but not probed does not fall into the category of newly-discovered evidence. Cf. United States v. Bertone, 3 Cir., 1957, 249 F.2d 156, at pages 160, 161.

The failure of Randall to identify Kampas was forcefully argued to the jury;[3] however, there was sufficient evidence in the case to establish that Kampas was in fact the driver of the second getaway car. United States v. Turajlich,

3 Cir., 1960, 277 F.2d 805. The witness Riley, who had known Kampas for five years, positively identified him (T., p. 79). Riley sat beside the driver of this car and was in it a longer period of time than was Randall. Kampas admitted that he had known Riley for 4 or 5 years (T., pp. 118, 142). There were significant circumstances and other bits of evidence linking Kampas to the robbery as an aider, abettor and conspirator which fully justified the verdict of guilty. Cf. Thompson v. United States, 1951, 188 F.2d 652, 88 U.S.App.D.C. 235.

An appropriate order will be entered.

---

**3.** In addition the court charged the jury as follows:
"If the jury does not believe the testimony of Riley as to the identity of Charles Kampas, such being the only testimony implicating Kampas, then the jury must return a verdict of 'Not guilty,' as to Kampas on all counts."