**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**HERMAN WILLIAMS, Defendant**

Criminal No. 125/1994

Territorial Court of the Virgin Islands

Div. of St. Croix: Kingshill

September 12, 1994

ROSALIE SIMMONDS BALLENTINE, (Attorney General), SCOTT HENDRICKSON, ESQ. (Department of Justice), Christiansted, St. Croix, V.I., *for Plaintiff*

ESZART A. WYNTER, ESQ., (WYNTER & WEBSTER, P.C.), Frederiksted, St. Croix, V.I., *for the Defendant*

CABRET, *JUDGE*

47

## MEMORANDUM OPINION

The defendant was tried by a jury on two counts of Assault in the Third Degree[1] and one count of Possession of a Dangerous Weapon During a Crime of Violence[2] on May 2 and 3, 1994. Defendant was represented at the time of trial by Indira Raichoudhury, Esq., an attorney with the Territorial Public Defenders Office. Attorney Raichoudhury presented a case based upon self defense, but the defendant was convicted on all three counts. On July 14, 1994, seventy two days after the conviction, defendant filed this motion for a new trial based upon alleged ineffective assistance of counsel. Oral argument on the motion was held August 12, 1994. Assistant Attorney General Scott Hendrickson, for the Government of the Virgin Islands, argued that the motion was both untimely and without merit. The motion was taken under advisement at that time.

## MOTION FOR A NEW TRIAL

■ The Rules of the Territorial Court allow a Court to grant a new trial if "required in the interest of justice". Terr.Ct.R. 135. However, the rules further make clear that relief under this lenient standard is only available during the 10-day period immediately following conviction. Other than through a motion for an extension of time, made prior to the expiration of ten days, this period cannot be expanded as it is jurisdictional in nature. U.S. v. Lebovitz, 456 U.S. 929 (1979). Certain circumstances however, will expand the time during which a defendant can move for a new trial. The discovery of new evidence allows a defendant to move for a new trial within two-years of his conviction. Terr.Ct.R. 135. The rules further expressly state that no time limit at all is placed on the right of a defendant to apply to the court for a new trial if fraud or lack of jurisdiction are alleged. Id. As a result of these many time limits, a Court must examine the basis for the motion for a new trial in order to assess the timeliness of the motion.

In the motion at bar, defendant claims ineffective assistance of counsel, in violation of his Sixth Amendment right. Specifically, defendant alleges that Attorney Raichoudhury did not give him sufficient notice of the trial date, did not contact all the witnesses he

---

[1] V.I. Code Ann tit. 14 § 297(2) & (4)

[2] V.I. Code Ann. tit. 14 § 2253(a)(2)(B)

named, made no pre-trial discovery requests, never interviewed him prior to trial nor discussed her trial strategy with him. He further states that she appeared at the trial without her file for his case and failed to call necessary witnesses Stephan Youngblood, Police Officer Williams, Elisa Galloway-Green and Kelvin DeFour at the trial and failed to file any post-trial motions on her client's behalf. Defendant's memorandum in support of his motion also alludes to the allegation that Attorney Raichoudhury failed to investigate the possibility of a negotiated plea. Defendant claims his conviction on two counts of Assault in the Third Degree, both stemming from the same set of facts, violates the Double Jeopardy Clause of the Constitution and that Attorney Raichoudhury failed to move to have one of the counts dismissed. Finally, defendant makes a general allegation that his attorney failed to properly prepare for trial and investigate the case so as to properly present his defense.[3]

## ANALYSIS

In order to have his motion for a new trial considered, the defendant must allege either fraud, lack of jurisdiction or the existence of new evidence since the ten-day period during which the Court could have considered any reason advanced "in the interest of justice" has expired. See, Terr.Ct.R. 135. Defendant argues that his prior counsel's failure to interview and call several witnesses to past altercations between the defendant and the victim results in this testimony being new evidence.

A motion based on newly discovered evidence [which is made after the initial ten days] must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

3 Wright, Federal Practice and procedure § 556 at 315 (2d Ed. 1982) (citing Berry v. State, 10 Ga. 511 (1851).

The affidavits signed by Officer Williams and Stephan Youngblood relate to two incidents which were well covered during the trial. The combative history of the victim and the defendant

---

[3] Because the instant motion will be denied for lack of jurisdiction, the Court will not address the merits of the defendant's allegations.

was well established by the testimony of several witnesses. A review of the proffered affidavit testimony of these individuals makes it clear that this evidence would have merely been cumulative to that introduced at trial. Moreover, the fact that defendant himself knew of this evidence prior to the verdict removes it from the category of newly discovered evidence altogether. 3 Wright, Federal Practice & Procedure § 557 at 317 (2d Ed. 1982). The Third Circuit Court of Appeals has held that the proffered testimony of witnesses of whom defense counsel was aware but did not call at trial did not rise to the level of newly discovered evidence. U.S. v. Bertone, 249 F.2d 156 (3d Cir. 1957).

## CONCLUSION

■ Defendant has proffered witness testimony which he alleges is newly discovered evidence. Because this evidence does not fit within the legally defined parameters for such evidence, his motion for a new trial is untimely. The defendant has not alleged lack of jurisdiction or any fraud upon the Court. Therefore, the motion for a new trial is untimely and will be denied.

## · ORDER

THIS MATTER is before the Court on defendant's Motion for New Trial. In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that defendant's motion is DENIED.

DONE AND SO ORDERED this 12th day of September, 1994.