**Manuel Luis RODRIGUEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23521.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1967.

Rehearing Denied March 9, 1967.

Michael A. Lipsky, Miami, Fla., for appellant.

Edward A. Kaufman, North Miami, Fla., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge.

This is an appeal from a conviction by jury verdict of conspiring to sell narcotic drugs in violation of 26 U.S.C. § 4704(a). Appellant Rodriguez challenges the conviction on two separate grounds: (1) That the trial court erred in refusing to grant his motion for judgment of acquittal because of insufficient evidence connecting him with the alleged conspiracy; and (2) that the trial court erred in refusing to grant a new trial on the basis of newly discovered evidence. Convinced, after scrutiny of the record, that neither of these contentions has merit, we affirm.

Extended enumeration and discussion of the various activities of appellant upon which the Government relied to establish his connection with the alleged conspiracy would add little to current judicial guidelines in this area. It is sufficient to say that although appellant appears to have exercised an atypical degree of circumspection and restraint in his overt dealings in furtherance of the conspiracy, the evidence be-

* Of the Third Circuit, sitting by designation.

fore us demonstrates more than "mere association" on his part with the remaining participants in the conspiracy. Associations formed among those accomplished in criminal endeavor are seldom manifested by clear and direct evidence and, in the majority of instances, proof of the existence of such conspiracies must rest upon inferences drawn from relevant and competent circumstantial evidence. Daily v. United States, 9th Cir. 1960, 282 F.2d 818, 820. The mere fact, therefore, that appellant himself may have never directly handled the drugs in question is not necessarily controlling. See United States v. Wright, 7th Cir. 1962, 309 F.2d 735; United States v. Rossi, 2d Cir. 1955, 219 F.2d 612. Entirely disregarding those declarations of appellant's alleged co-conspirators made outside his presence which may have tended to link him with the alleged conspiracy, see Tripp v. United States, 10th Cir. 1961, 295 F.2d 418, 422, we are of the firm opinion that there remained ample independent evidence whereby the trier of fact could reasonably exclude every reasonable hypothesis other than appellant's active, knowledgeable participation in the proscribed activities. See Delli Paoli v. United States, 1957, 352 U.S. 232, 236 n. 4, 77 S.Ct. 294, 297 n. 4, 1 L.Ed.2d 278, 282 n. 4, and cases cited therein; Clark v. United States, 5th Cir. 1961, 293 F.2d 445, 448.

■ Appellant's second specification of error is directed toward the trial court's refusal to grant a motion for new trial based upon the affidavit of a Government informant that neither appellant nor the other defendants implicated in the conspiracy had participated in the narcotics transactions testified to by the Government's chief witness.[1] Appellant's motion however, is not founded upon the arguably valid contention that the informant was unavailable to be called as a defense witness at the date

of trial; indeed, it rather reveals that appellant's counsel chose not to call the informant because when interviewed prior to trial he had indicated that he would refuse to testify on the ground of self-incrimination. Such self-acknowledged tactical decision not to call the informant, when he was in fact accessible as a defense witness, effectively forecloses any subsequent attempt on the part of appellant to urge successfully that such testimony represents newly discovered evidence, especially in view of the fact that such testimony appears merely to be cumulative of that of appellant and the other defendants denying their participation in the illicit dealings. United States v. Lyles, S.D.Tex., 180 F.Supp. 427, aff'd, 5th Cir. 1960, 279 F.2d 358.

Affirmed.

---

1. In the trial below, the Government rested its case entirely upon the testimony of Salvatore Vizzini, an undercover agent for the Bureau of Narcotics, choosing not to call as a witness the informant who had introduced Vizzini to the defendants and had worked hand in hand with him during the course of the alleged narcotics dealings.