**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William G. LE PERA, Defendant-
Appellant.**

**No. 71–1156.**

United States Court of Appeals,
Ninth Circuit.

June 10, 1971.

Rehearing Denied July 20, 1971.

commissioner for a proper pre-trial hearing. Appellant was arrested June 27, 1969. He says that although he insisted upon an early preliminary hearing and several dates were set, there were numerous continuances for reasons which he deems unsatisfactory. In any event, on July 8, 1969, the parties mutually agreed that the preliminary hearing would be set for July 24. However, the next day, July 9, the Government asked for and obtained a grand jury indictment. Rule 7 of the Federal Rules of Criminal Procedure provides that an offense which may be punished by imprisonment for a term exceeding one year shall be prosecuted by indictment, or if indictment is waived, it may be prosecuted by information. The return of an indictment establishes probable cause and eliminates the need for a preliminary hearing. Jaben v. United States, 381 U.S. 214 at 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); Austin v. United States, 408 F.2d 808 (9th Cir. 1969).

Edward L. Cragen (argued), San Francisco, Cal., for defendant-appellant.

James L. Hazard, Asst. U. S. Atty. (argued), F. Steele Langford, Chief, Criminal Division James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and CURTIS, District Judge.*

CURTIS, District Judge:

The appellant appeals from his conviction of aiding and abetting counterfeiting and conspiring to commit counterfeiting, after trial in the United States District Court for the Northern District of California.

■ He first contends that the trial court erred in denying his pre-trial motion to dismiss the indictment, or in the alternative to remand the cause to the

■ The fact that the grand jury returned an indictment before the date set for the preliminary hearing did not deny the appellant of a substantial right for he has no constitutional right to a preliminary hearing. Austin v. United States, *supra.*

■ Appellant says that under Rule 5(c), F.R.Crim.P., a preliminary hearing must be held before the commissioner within a reasonable time and that the twelve days between the time of arrest and the filing of the indictment was not a reasonable time. It was made even the more onerous, so his argument goes, since during this period the appellant remained incarcerated unable to make bail. We conclude, however, that such a period, especially in the absence of any showing of prejudice to the appellant, is not unreasonable and that the trial judge was correct in denying appellant's motion.

* Jesse W. Curtis, United States District Judge, Central District of California sitting by designation.

The appellant's second contention is that the trial court erred in not allowing him an additional peremptory challenge after he had exhausted those authorized by Rule 24, F.R.Crim.P., thus forcing him to trial with the wife of a police officer remaining on the jury. There is no showing that the juror was, in fact, biased, and no challenge for cause was attempted by the appellant. He says further that this error was compounded as he was forced to use one of his peremptory challenges earlier in order to remove a law enforcement officer employed by the Federal Immigration Service, whom he attempted unsuccessfully to challenge for cause. But here again, there was no showing of actual bias.

Bias and prejudice will not be presumed from the fact that a juror is engaged in law enforcement work. Cavness v. United States, 187 F.2d 719, 723 (9th Cir. 1951). Absent a showing of actual bias, the mere fact that a juror is employed by the Federal Government does not disqualify him. Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958, 968 (1968). Furthermore, a trial court has broad discretion in its rulings on challenges. Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950).

We find no abuse of discretion in the trial court's refusal to allow appellant one additional peremptory challenge or in the trial court's refusal to excuse the federal employee for cause.

Appellant's third contention is that the trial court erred in denying his motion to suppress the testimony of his co-conspirators.

Shortly after their arrest, the appellant and his co-conspirators, Mary K. Matlin, Carolyn Le Pera, and Franklin Matlin, acting through their attorney, Matthew J. Wadleigh, negotiated and obtained from the Government an agreement not to prosecute them on condition that they make a full disclosure of all facts and circumstances surrounding the counterfeiting operation and to cooperate with the Government in prosecuting the remaining co-conspirators. The appellant and his co-conspirators, Franklin Matlin, further agreed to turn over all counterfeit bills in their possession, or which were known to exist, to disclose all facts concerning the counterfeiting operation and to make full restitution. The appellant, however, failed to perform his part of the agreement and was prosecuted and convicted.

At the outset of the trial, appellant moved to suppress the testimony of his co-conspirators and attorney, Matthew J. Wadleigh, which was denied. Contending that the trial court erred in denying his motion, he urges that if allowed to testify, the co-defendants would inculpate themselves, and the appellant as well, with statements included by promises of immunity. And, because such statements were so induced, appellant characterizes them as unlawful and presumably inadmissible since they would be in violation of the witnesses' right against self-incrimination.

The right against self-incrimination, however, is personal to the witness. Bowman v. United States, 350 F.2d 913, 915 (9th Cir. 1965). And only the witness may assert it or waive it. The appellant has no standing to assert the witnesses' privilege. United States ex rel. Berberian v. Cliff, 300 F.Supp. 8 (E.D.Pa.1969). See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1967). Furthermore, since the witnesses in question were all granted immunity, there is no possible violation of their privilege, and, therefore, Le Pera cannot complain, whether he has "standing" or not.

The appellant next contends that the counterfeit notes used as evidence against him were improperly admitted, since the evidence of their identity was insufficient. He urges, especially, that the evidence failed to show an unbroken chain of possession such as is normally required in narcotic cases.

Narcotic drugs are fungible and, being such, evidence of a continuous chain of possession is often neces-

sary in establishing a proper foundation for their admissibility. Counterfeit notes, however, printed from a single plate, are unique and identifiable without proof of a chain of custody. *See* United States v. Gleeson, 411 F.2d 1091, 1096 (10th Cir. 1969); United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969). Not only did the printer of the notes identify them as some of those which he had printed, but chemical tests performed in open court confirmed, to some extent at least, his identification. This evidence, together with other evidence brought out at the time of the trial, we think clearly establishes a proper foundation for the admissibility of the counterfeit notes.

 The appellant next urges that his right of confrontation was violated because the Government witness, Dorst, during cross-examination by appellant indicated that she would not be willing to waive her attorney-client privilege, thus thwarting appellant's desire to call her attorney to impeach or discredit her testimony.

We know of no case law and none has been shown us which extends the right of confrontation to the extent claimed by the appellant. Furthermore, the appellant made no effort to call the witness's attorney and to ascertain to what extent the attorney-client privilege may have been waived by her testimony. We think this contention to be wholly without merit.

 Lastly, appellant charges that the trial court erred in denying his motion to force the prosecution to elect between count one, charging violation of Title 18 U.S.C. § 472, to wit, aiding and abetting counterfeiting, and Title 18 U.S.C. § 371, to wit, conspiracy to counterfeit. Rule 8(a) of the Federal Rules of Criminal Procedure provides in pertinent part as follows:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The appellant's reliance upon Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and Milanovich v. United States, 365 U.S. 551, 81 S. Ct. 728, 5 L.Ed.2d 773 (1961), is misplaced, for they prohibit the pyramiding of punishment in the way of consecutive sentences on two or more convictions for the same act or transaction. Although the appellant here was convicted on multiple counts, the sentences imposed were ordered to run concurrently, which vitiates any error caused by multiplicity. Fisher v. United States, 254 F.2d 302 (9th Cir. 1958), cert. denied 358 U.S. 895, 79 S.Ct. 157, 3 L.Ed.2d 122.

For the foregoing reasons, the conviction of the defendant on both counts is affirmed.