**Theodore R. SMITH**

v.

**Walter E. COY, trading and doing business as Coy Brothers, Appellant.**

**No. 71-1600.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule
12(6) April 20, 1972.

Decided May 16, 1972.

Daniel J. Weis, Weis & Weis, Pittsburgh, Pa., for appellant.

Roy F. Walters, Jr., Brandt, McManus, Brandt & Malone, Pittsburgh, Pa., for appellee.

Before ADAMS, MAX ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from an order of the District Court for the Western District of Pennsylvania denying defendant's motion for a new trial in this diversity tort action. The case arose from a "rear end" collision between plaintiff's automobile and a tractor trailer on February 23, 1967. The accident occurred in Pennsylvania, and Pennsylvania law applies. The jury returned a verdict in favor of plaintiff in the sum of $25,000. We affirm.

This appeal questions not the conclusion of negligence—which, indeed, it would seem impossible to dispute—but rather (1) the district court's instructions as to damages, and (2) the amount awarded to the plaintiff.

■ The primary contention as to the instructions on damages concerns an instruction which was given by the district court at the request of the plaintiff. No objection was taken by the defendant to it. The instruction in its entirety read:

> In determining the damages to be awarded for impairment of earning capacity, you may consider the trade or occupation of the plaintiff and whether, as a result of the accident, he is still able to pursue this trade or occupation. That point is affirmed.

Since counsel for the defendant did not take exception to this charge, we consider only whether it was plain error. McNello v. John B. Kelly, Inc., 283 F.2d 96, 102 (3d Cir. 1960). We hold that it was not.

■ Standing alone, the instruction quoted above for impairment of earning capacity might be inadequate for it would not include an instruction that loss of earning capacity must be reduced to present worth, and because actuarial data was not supplied so as to enable the jury to reduce the award to present worth. Haddigan v. Harkins, 441 F.2d 844 (3d Cir. 1970). However, in the context of the charge as a *whole* it was obvious that the instruction was merely superfluous, and related to a matter not before the jury, since the judge had already instructed the jury in clear simple language that *only* three factors were before them for their consideration as to damages.[1] These three claims were: out of pocket medical expenses; loss of earnings to date of trial (*not including future earnings*); and pain, suffering and inconvenience. None of those factors concerned loss of earnings capacity. None concerned future earnings. In these circumstances we do not feel that reversal is warranted.

■ The second issue we must deal with concerns whether the verdict is arbitrary, capricious and excessive. While the verdict is large, we do not believe that it should be set aside, or reduced by this court. Appellee sustained out of pocket medical expenses of $256.95. Moreover, while he made no claim for loss of future earnings, he did sustain a loss of income of approximately $7,700, from the date of the accident in 1967 until 1969, when he stopped working. Therefore, approximately $17,000 of the verdict can be attributed to pain, suffering and inconvenience. Of course, pain, suffering, and inconvenience are not easily tabulated. As Judge Hastie stat-

---

1. The judge instructed the jury that:
   . . . if you decide that plaintiff is entitled to recover, and pass on to the question of what his damages are, you are to consider three matters: First, his bills and expenses. As to these you will have a tabulation which will go out with you.

   Secondly, you have *his loss of earnings. This only runs to the present date. He is not making any claim here for future loss of earnings off in the future months.*
   And, thirdly, the third element you have to consider is the pain, suffering and inconvenience he has undergone as a result of this accident. (Emphasis supplied.)

ed in Lebeck v. William A. Jarvis, Inc., 250 F.2d 285, 288 (3d Cir. 1957):

> . . . it is not our privilege to substitute our judgment for that of the trial court as to the maximum amount which will provide fair recompense for injuries which cannot be equated in any mathematical way with any number of dollars. . . .

This case is one in which "injuries . . . cannot be equated in any mathematical way with any number of dollars. . . ." There is room for reasonable disagreement as to whether the amount involved is disproportionate to the damage sustained. But this verdict is not "so grossly excessive as to shock the conscience of the court." Jones v. Atlantic Refining Co., 55 F. Supp. 17, 20 (E.D.Pa.1944). As the district court noted, in denying defendant's motion on this point: "Plaintiff, now retired, has 17 years of life with this pain and suffering ahead of him according to mortality tables." With this in mind, we do not find the verdict excessive.

The order of the district court will be affirmed.