UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Louis HARRELSON,
Defendant-Appellant.

No. 72–3630

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 4, 1973.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

David C. McCord, Dallas, Tex., Selwyn S. Webber, Odessa, Tex., court appointed, for defendant-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant, Paul Louis Harrelson, brings this appeal from his conviction on two counts of conspiring in violation of 18 U.S.C. § 371 to violate 18 U.S.C. § 2314 by causing stolen goods and forged securities to be transported in interstate commerce.[1] Although the briefs filed on appellant's behalf purport to raise at least eight separate points of error, when the repetitive, redundant, and rephrased points are combined, we have before us only four distinct issues. We find each of these to be without legal merit, and we affirm.

First, appellant argues that the trial judge committed reversible error when she denied his motion for continuance, which was filed only three days before the trial was set to begin. We cannot agree. Although we are mindful that continuances must, in the interests of justice and fair play, be granted in many circumstances the general test on appellate review is whether the trial judge committed an abuse of discretion in granting or denying the motion for continuance. See, e. g., United States v. Vicars, 5 Cir. 1972, 467 F.2d 452, 455; United States v. Gower, 5 Cir. 1971, 447 F.2d 187, 190, cert. denied, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88. We find that no such abuse occurred here. Appellant alleged as grounds to support his motion the hospitalization of his "lead counsel," the refusal of the prosecution to cooperate in discovery, and the general unpreparedness of his other retained attorneys. The District Judge conducted a lengthy hearing on these matters, specifically found that "most of the statements made in this Motion are completely untrue," and concluded that (1) the hospitalized attorney had in fact never accepted employment by appellant, (2) appellant's "other" retained attorneys provided adequate counsel, and (3) the prosecution was not obstructing discovery. We have studied the transcript of that hearing and we find plenteous evidence from which the trial judge could permissibly have made these findings. We note, for example, that one of appellant's attorneys had been retained eight weeks before trial and had filed various motions on his behalf and that another attorney had been on the case for at least one week. In the *Vicars* case, *supra*, we found no abuse of discretion in denying an eleventh hour request for continuance filed six days before trial. Under the circumstances outlined above, we are unable to perceive any abuse in the denial of this motion for continuance.

Second, appellant insists that the trial judge committed prejudicial error when she "forced" him to proceed to trial with counsel not of his own choosing. When the case was called for trial on the scheduled day, appellant appeared

---

1. Appellant operated a bail bond business in Dallas, Texas. A combined total of fifty-eight overt acts in furtherance of the conspiracy were charged in the two-count indictment, which included allegations that appellant systematically induced and coerced some of his bail bond customers to join him in disposing of stolen goods and forged securities.

in the company of the two attorneys discussed above. Appellant again requested a continuance and claimed that he had no trial counsel. The able District Judge thereupon appointed both of the previously-retained counsel to represent appellant and proceeded to trial.[2] We have only recently had before us a case presenting remarkably similar facts. In United States v. Sexton, 5 Cir. 1973, 473 F.2d 512, the operative facts were as follows:

"On June 15, 1972, Sexton's attorney petitioned the court to be discharged as court-appointed counsel in the case. On the same day Sexton filed a general motion for continuance on the ground that his newly retained counsel was to be engaged in another trial on the day prior to the date set for trial and thus would not have adequate time to prepare a defense. The Court issued an order denying the petition to discharge counsel as well as the defendant's motion for continuance . . . Trial of the case was commenced on June 20, 1972 and a jury verdict of guilty was returned on the following day. This appeal timely followed."

Affirming Sexton's conviction, we said,

"We hold that the trial court's denial of Sexton's motions did not deprive him of any constitutional right. While it cannot be disputed that the Sixth Amendment to the Constitution grants an accused in a criminal prosecution an absolute unqualified right to have the assistance of counsel for his defense, it does not necessarily follow that his right *to a particular counsel* is absolute and unqualified. United States ex rel. Baskerville v. Deegan, 2 Cir., 1970, 428 F.2d 714, cert. denied, 1970, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188. Sexton's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. United

States v. Terry, 5 Cir., 1971, 449 F.2d 727.

"Here it cannot be said that Sexton was denied ample opportunity to secure counsel of his choice . . . [T]he defendant had sixty-eight days to contact and retain an attorney's services. Nor can it be argued with any seriousness whatsoever that Sexton's court-appointed counsel was ineffective . . . "

The instant appeal is governed by the quoted portion of the *Sexton* case, and we perceive no error in the trial court's proceeding to trial as it did. *See also* United States v. Abshire, 5 Cir. 1972, 471 F.2d 116.

Third, appellant urges that the evidence adduced below is insufficient to support the verdict of the jury. The duty of an appellate court when presented with a sufficiency of the evidence point is clear:

"It is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."

Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704. *See also* Lacaze v. United States, 5 Cir. 1968, 391 F.2d 516, 519–520; Rodriguez v. United States, 5 Cir. 1967, 373 F.2d 17. We have here fulfilled our obligation to study all of the evidence adduced below, and we are convinced that the quality and quantity of the direct testimony, coupled with the inferences that may reasonably be drawn therefrom, exceeds the minimum from which a jury could reasonably find appellant guilty beyond a reasonable doubt.

Finally, appellant urges that the court below erred in instructing the jury regarding "accomplice testimony." Appellant's concern is apparently that the trial judge failed to advise the jury

---

2. Appellant apparently "discharged" these attorneys immediately after the denial of his motion for continuance.

which witnesses were, as a matter of law, accomplices. We find, however, that the learned judge did instruct the jury that "An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent." The judge then instructed the jury on the weight and effect to be given to the testimony of alleged accomplices. The precise charge given below was also used in United States v. Easterly, 5 Cir. 1971, 444 F.2d 1236, 1239–1240, where we found the instruction adequate, and we can perceive no prejudice to appellant by the trial judge's failure to mention which witnesses were accomplices. Appellant did not request an expanded or more specific instruction, *see* Rule 30, Fed.R.Crim. P., and as *Easterly* made clear,

> "We cannot put the district court in error for refusing to give an instruction when none was requested and no apparent prejudice resulted."

*Id.*, 444 F.2d at 1239.

Affirmed.