Commonwealth *v.* Russell, Appellant.

134

Submitted April 9, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Spaeth, JJ.

*William T. Jorden* and *McClure, Dart, Miller and Kelleher,* for appellant.

*Robert H. Chase,* Assistant District Attorney, and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

Opinion by Spaeth, J., September 19, 1973:

This is an appeal from a conviction of kidnapping for extortion.

Appellant's first contention is that the evidence was insufficient.

Section 723 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 P.S. §4723, provides: "Whoever takes, or carries away, or decoys or entices away, or secretes any person, with intent to extort money . . . for the restoration or return of such person, is guilty of a felony . . . ."

The testimony was as follows: On July 23, 1971, two associates of appellant went to the home of Joseph Kaulis and at gunpoint bound his wife and son and forced them to lie on the floor. They called Kaulis at work, told him that they had his wife and son, and directed him to take all the money from the safe in his store to a church. They were arrested when they attempted to pick up the money, Mrs. Kaulis having freed herself to call the police. One of them, Richard Mallory, was granted immunity under the Act of November 22, 1968, P. L. 1080, 19 P.S. §640.1 *et seq.*, and he implicated appellant as the mastermind behind the scheme.

Appellant contends that the evidence was insufficient because in his view Section 723 of The Penal Code, *supra*, 18 P.S. §4723, requires an asportation of the victim.

"Some modern statutes define kidnapping so as to absorb the crime of false imprisonment and tend to obliterate the distinction between the two offenses; others adopt the basic concept that there must be a carrying away of a person from the place where he was seized to some other place." 1 Am. Jur. 2d Abduction & Kidnapping §1, p. 160. *See* Note, *A Rationale of the Law of Kidnapping*, 53 Colum. L. Rev. 540 (1953); I Wharton Criminal Law & Procedure Ch. 15, §371 (1957).

Section 723 of The Penal Code forbids four specified types of conduct: "Whoever [1] takes, or [2] carries away, or [3] decoys or entices away, or [4] secretes any person . . .", is guilty of kidnapping for extortion. Since the victims in the present case were not carried or enticed from their home, a conviction must stand upon [1] or [4]. Whether [4] implies movement need not be decided, for to bind a victim at gunpoint is a "taking" within [1]. "A 'taking' [is] usually defined as a seizure, confinement, or inveiglement . . . ." 53

Colum. L. Rev., *supra* at 542. Webster defines "take" as "to get into one's hands or into one's possession, power, or control . . . to seize or capture physically." Webster's Third New Int'l Dictionary 2329-30 (1965). Black's Law Dictionary, 3d ed. at 1700, includes among the definitions of "take" "[t]o seize or apprehend a person . . . ." Thus the ordinary meaning of "take" includes but does not require movement or change in position of the person or object taken.

This construction places our kidnapping statute into the category with modern statutes like New York's, which defines a kidnapper as one who "seizes, confines, inveigles, or kidnaps another . . . ." N. Y. Penal Law 39, §1250. *See also* Idaho Code Ann. §18-4501; Minn. Stat. Ann. §609.25. It distinguishes The Penal Code from the Criminal Code of Georgia, which defines a kidnapper as one who "abducts or steals away any person without lawful authority or warrant and holds such person against his will." Ga. Code Ann. §26-1311. Georgia, however, has a separate false imprisonment statute. Ga. Code Ann. §26-1308.*

Appellant's second contention is that immunity was improperly granted to the witness Mallory.

The Act of November 22, 1968, *supra*, 19 P.S. §640.1 *et seq.*, under which the immunity was granted, contains no provision for challenging the validity of an order granting immunity. The general rule, however, is that only the person whose rights have been violated has standing to attack the validity of the action resulting in the violation. This is so with respect to personal

---

* The Crimes Code, 18 Pa. S. 101 *et. seq.*, effective June 6, 1973, does not apply to the present case. It is nonetheless interesting to note that under the Crimes Code a conviction for kidnapping will require proof either that the victim was moved "a substantial distance . . . from the place where he is found" or that he was confined "for a substantial period in a place of isolation . . . ." 18 Pa. S. §2901(a) (1973).

rights under the Fourth Amendment, *Alderman v. United States,* 394 U.S. 165 (1967) ; *Brown v. United States,* 411 U.S. 223, 41 L.W. 4475 (1973) ; *Commonwealth v. Butler,* 448 Pa. 128, 291 A. 2d 89 (1972), as well as under the Fifth, *Bowman v. United States,* 350 F. 2d 913 (9th Cir. 1965).

Appellant cites *Ellis v. United States,* 416 F. 2d 791 (D.C. Cir. 1969), for the proposition that a defendant in a criminal case has standing to contest the grant of immunity to a witness who later testifies against him. However, the court in *Ellis* recognized that the situation before it was not the typical immunity case, as is the present case, but depended upon the conclusion that the judge had exceeded his powers, and although granting the defendant standing, reaffirmed its decision in *Long v. United States,* 360 F. 2d 829 (D.C. Cir. 1966), which denied the defendant standing to assert that a witness's rights had been violated. Other federal courts that have considered the question of standing to challenge a grant of immunity are in accord with *Long.* *United States v. Lewis,* 456 F. 2d 404 (3d Cir. 1972) ; *United States v. LePera,* 443 F. 2d 810 (9th Cir. 1971).

Appellant argues that if he is denied standing, the Commonwealth will be free to "buy" any kind of testimony it wants simply by granting immunity. This argument is one that goes to credibility only. Thus in the present case Mallory was available for cross-examination; the fact that he had been granted immunity was for the jury to consider in evaluating his testimony.

The judgment of sentence is affirmed.