**Dean Rene PETERS, Petitioner-Appellant,**

v.

**C. P. KIFF, Warden, Macon Prison Branch, Macon County, Georgia, Respondent-Appellee.**

No. 73-2029.

United States Court of Appeals, Fifth Circuit.

March 27, 1974.

Edward T. M. Garland, Atlanta, Ga., for petitioner-appellant.

Dorothy T. Beasley, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, CLARK and GEE, Circuit Judges.

PER CURIAM:

In Peters v. Kiff,[1] the Supreme Court held that Peters, a Georgia convict of burglary, a member of the white race, had constitutional standing to challenge by habeas corpus the systematic exclusion of Negroes from the grand and petit juries which had tried and convicted him. The case had a long and complicated history, set forth at 407 U.S. 494.

In two trials, held in 1966, Peters "made no challenge to the method of selection of grand and petit juries, and he made no challenge to the array of the petit jury. In his appeal [he] still made no claim addressed to the method of selection of the grand and petit juries", dissenting opinion of the Chief Justice, 407 U.S. 507.

The Supreme Court remanded the case to give Peters an opportunity to establish his claims of systematic exclusion.

Upon remand, the District Court gave three weeks notice of a hearing. When the day arrived Peters moved for a continuance on the ground that his "counsel had virtually not commenced his investigation and preparation and the gathering of evidence to be presented to the court until the morning of the hearing, and that he had found that some of the records were not readily accessible at the time". The Court denied the continuance, proceeded with the hearing, and denied habeas relief.

The appeal asserts that the denial of the continuance was error and that, in any event, the proof established a prima facie case of discrimination. We disagree as to both and affirm.

■ As to the motion for continuance, Peters had contended in every available state court and in every available federal court, including the Supreme Court, that both the grand and petit juries had been fatally infected by systematic exclusion of Negroes. When the case finally arrived back in the District Court, Peters had three weeks notice of the hearing he so long had sought. On hearing day, the contention that he needed more time to get ready to support a contention so long and so earnestly promoted must have prompted considerable astonishment. Be that as it may, the disposition of the motion was left to the sound discretion of the trial judge. Its action on such a motion may be disturbed on appeal only if there has been an abuse of that discretion, United States v. Harrelson, 5 Cir., 1973, 477 F.2d 383; United States v. Roca Alvarez, 5 Cir., 1971, 451 F.2d 843.

■ Assuming that Peters' right to challenge the composition of the juries he faced had not been waived by his failure to object prior to trial as required by Georgia law,[2] the evidence viewed most favorably to Peters, failed to make out a case of systematic jury discrimination.[3]

Affirmed.

1. 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83.

2. For recent cases in this area, *see* Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed. 2d 235 (1973); Winters v. Cook, 5 Cir., 1973, 489 F.2d 174 (en banc).

3. *Cf.* Davis v. Henderson, 5 Cir., 1973, 474 F.2d 1098.