**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Madison BENTLEY, Defendant-Appellant.**

**No. 74–2295**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1974.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

958

Orma R. Smith, Jr., Corinth, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Alfred E. Moreton, III, Will R. Ford, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant seeks reversal of his conviction for violations of the Internal Revenue Service liquor laws, 26 U.S.C. §§ 5601, 5602, 5604, 5691, 7206, and 18 U.S.C. § 2. We have reviewed his assignments of error dealing with peremptory challenges, search and seizure, accomplice instructions, and admissibility and sufficiency of the evidence, and find them to be without merit.

The number of peremptory challenges afforded a defendant is governed by F.R.Cr.P. Rule 24(b) and the discretion of the judge. The rule was complied with here; the judge did not abuse his discretion. *See* United States v. Franklin, 5 Cir., 1973, 471 F.2d 1299.

At the suppression hearing, the trial court found that the still was located outside the Fourth Amendment protected zone of appellant's co-defendant Cleveland. This finding was not clearly erroneous. Therefore, the search and seizure were valid.

The instructions the trial court gave on accomplice testimony and corroboration have previously been approved by us in United States v. Easterly, 5 Cir., 1971, 444 F.2d 1236, and United States v. Harrelson, 5 Cir., 1973, 477 F.2d 383.

After Cleveland's credibility was attacked on cross-examination by appellant, Agent Pace testified as to what Cleveland told him after his arrest. Such a procedure was approved in United States v. Bays, 5 Cir., 1971, 448 F.2d 977.

A review of the record taking the view most favorable to the government reveals sufficient evidence to support the conclusion of appellant's guilt beyond a reasonable doubt. United States v. Warner, 5 Cir., 1971, 441 F.2d 821, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941).

The evidence amply warrants the finding of guilt and the record reveals no error.

Affirmed.