UNITED STATES of America, Appellee,

v.

**Phillip D. PARTEE, Appellant.**

No. 76–1677.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Dec. 20, 1976.

---

Lawrence F. Gepford, Kansas City, Mo., on brief, for appellant.

Bert C. Hurn, U. S. Atty., and J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

PER CURIAM.

Phillip D. Partee appeals from his conviction in the district court[1] following a jury trial on four counts charging distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The trial court imposed a ten-year sentence on each of the four counts to run concurrently and a three-year special parole term pursuant to 18 U.S.C. § 4205(b). On appeal Partee contends the trial court erred in allowing systematic exclusion of blacks from juries by prosecutors in the Western District of Missouri and admission of evidence showing criminal activity on the part of Partee's common-law wife, Olivia A. Gibbs.

■ *In United States v. Nelson,* 529 F.2d 40, 43 (8th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976), and *United States v. Carter,* 528 F.2d 844, 850 (8th Cir. 1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976), this court characterized the challenge to the prosecutorial practices in the Western District of Missouri as raising a "serious question." Nonetheless, the record of the trial court proceedings fails to reveal any defense objection or offer of proof based on a claim of systematic exclusion, and the first articulation of this issue is in appellant's brief. It is unclear how many blacks were on the jury panel, how many might have served on the jury and how many were removed by peremptory challenges. Issues may not be raised for the first time on appeal. *See United States v. Librach,* 536 F.2d 1228, 1230–1232 (8th Cir. 1976); *United States v. Daly,* 535 F.2d 434, 440 (8th Cir. 1976); *United States v. Bear Runner,* 502 F.2d 908, 910 (8th Cir. 1974).

■ We also reject appellant's contention that it was improper to admit into evidence the testimony of Tom Matula, an informant called as a witness by the government, reflecting that Olivia Gibbs sold narcotics to Matula. Count III of the indictment charged that Partee aided and abetted in the distribution of heroin by his wife, Olivia Gibbs, in violation of 18 U.S.C. § 2. The government's evidence reveals that Matula received a portion of the heroin from Partee personally, and that at Partee's direction Matula went to Partee's residence where Gibbs provided the balance of the heroin purchased from Partee. The testimonial evidence indicating receipt of heroin by Matula from Gibbs, as a continuation and culmination of the transaction begun by Partee, was clearly admissible as direct proof of Partee's participation as an aider and abetter in the distribution of heroin, with which he was charged in Count III of the indictment.

Affirmed.

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.