**Carl BLOUNT, Appellant,**

v.

**Jugoslavenska Linijska PLOVIDBA.**

**No. 75–2025.**

United States Court of Appeals,
Third Circuit.

Argued Oct..6, 1977.

Decided Dec. 8, 1977.

Avram G. Adler, Stanley P. Kops, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for appellant.

William E. Rapp, Rawle & Henderson, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and STALEY and HUNTER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiff, longshoreman, appeals from a judgment for defendant, shipowner, on his claim for personal injuries allegedly caused by defendant's negligence while he was discharging cargo from defendant's vessel on December 4, 1972. The judgment was based on the jury's answer to a special interrogatory finding no negligence that was the proximate cause of plaintiff's injuries.

Because of its pervasive importance, we turn immediately to plaintiff's contention that the district court committed reversible error by granting each party a fourth peremptory challenge in lieu of ruling on an objection for cause asserted by each party to a different member of the venire.

Defendant contends that we should not rule on the issue as now posed because plaintiff's counsel did not object on that ground at trial. Defendant says that plaintiff objected solely to the defendant's use of his additional peremptory challenge to strike the last black from the venire.

After each side objected to a different member of the venire for cause the court, instead of ruling on such objections, stated that it would give each side an additional

peremptory challenge. Plaintiff's counsel said, "I don't want any additional strikes." The court replied: "I give you four strikes apiece. You can use it or not." We think the record supports plaintiff's objection in its present form, even though it suffers from imprecision. In any event, we conclude that cognizance should be taken of the objection because of the fundamental issue which it raises. *Mazer v. Lipschutz*, 327 F.2d 42 (3d Cir. 1964); *cf. Smith v. Coy*, 460 F.2d 1226 (3d Cir. 1972).

Title 28 U.S.C. § 1870 reads:

In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court. June 25, 1948, c. 646, 62 Stat. 953; Sept. 16, 1959, Pub.L. 86–282, 73 Stat. 565.

■ The statute, in our view, provides that in single party civil litigation the court is not authorized to allow more than three peremptory challenges per side. In *Detroit, M. & T.S.L. Ry. v. Kimball*, 211 F. 633 (6th Cir. 1914), the court held that the word "entitled" in § 1870's predecessor statute was not a word of grant but rather a word of limitation, intended by Congress "not merely to give a minimum or to limit the maximum number of challenges, but finally to fix that number," *id.* at 636. Similarly, the legislative history of a 1959 amendment to § 1870 supports our view. In considering whether to extend to multiple plaintiffs the privilege previously granted multiple defendants to seek additional peremptory challenges, the Senate Judiciary Committee, the Administrative Office of the Courts, and the Attorney General's office all characterized the authorization of extra peremptory strikes in multiple defendant cases as "an exception to this general rule" of the "[e]xisting law [that] now permits three peremptory challenges in civil cases to each party . . . ." *S.Rep.No. 848*, 86th Congress, 1st Sess., *reprinted in* [1959] *U.S. Code Cong. & Admin.News* pp. 2594, 2594–97.

The consequences inherent in a failure to observe the statute's mandate are graphically illustrated by the undisputed facts of this case. Defendant does not challenge plaintiff's contention that defendant used its first three peremptories to challenge blacks on the venire. When he was given a fourth peremptory it was used by defendant to strike the last black. This occurred in a case where the plaintiff and his witnesses were black. Passing over any question as to possible legal limitations on the use of peremptory challenges, the reality is that their use can result in what a party legitimately feels is an unfair advantage. Since such challenges are "irrational" there is no reason to deviate from the statute.

■ Indeed, where a peremptory challenge is added in lieu of ruling on a challenge for cause, it may aggravate the situation. It can result, as here, in a juror serving who was challenged for cause. Thus, the white member of the venire who was challenged for cause by defendant did in fact serve on this jury.[1] We point this out, not to suggest that plaintiff had standing to object to the service by the juror originally challenged by defendant, but to show the potential for prejudice created by a failure to follow the statute. After all, the prospective juror challenged for cause by plaintiff might have ended up on the jury. The court's approach gave defendant an additional peremptory challenge which it clearly was not entitled to regardless of the merits of its challenge for cause. One can only speculate as to what the court would have done had only one side challenged for cause.

■ We conclude that, in view of the statute, it was reversible error to grant each party an additional peremptory challenge in lieu of ruling on the challenges for

1. The member challenged for cause by plaintiff did not serve.

cause, at least in a situation where such additional peremptory was exercised by the party who obtained a favorable verdict. Plaintiff is entitled to a new trial.

[4] Because there will be a new trial, we turn to plaintiff's other claims of error. Plaintiff argues that defendant's requests for charges 24 and 28, given by the court, constitute reversible error. Defendant contends that plaintiff did not object to these instructions and may not be heard to challenge them for the first time in this court. Our examination of the record leaves us in substantial doubt as to whether plaintiff brought his objections to the attention of the district judge. Thus, we do not know whether the trial judge would have given the questioned instructions had he been made aware of the nature of plaintiff's present objections. In these circumstances we think that it would be imprudent to rule on such issues without the benefit of a clear ruling by the trial judge.

Finally, plaintiff argues that the district court committed error in refusing to honor his request to instruct the jury in the language of Section 413 of the Restatement of Torts, Second. It is not clear to us from the record that such an explicit request was made of the district court. Moreover, counsel argue vigorously as to the possible applicability of *Brown v. Rederi*, 545 F.2d 854 (3d Cir. 1976) and *Hurst v. Triad Shipping Co.*, 554 F.2d 1237 (3d Cir. 1977) to this issue. Those cases were decided after the trial in this case and thus the district court did not have an opportunity to determine their relevancy. Given these circumstances and the fact of a new trial, we decline to rule on plaintiff's contention at this time.

The judgment of the district court will be reversed and the case remanded for a new trial.

JAMES HUNTER, III, Circuit Judge, dissenting:

The issue posed in this appeal is the power of the trial judge to grant a litigant in a two-party, civil case more than three peremptory challenges. As the majority recognizes, this case does not involve an appeal from defense counsel's manner of using peremptory challenges on the basis of race. The use of peremptory challenges is unreviewable. *See Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Sorenson v. Raymond*, 532 F.2d 496, 500 (5th Cir. 1976).

The majority's interpretation of the governing statute, 28 U.S.C. § 1870, binds the trial judge by allowing only three strikes in all two-party, civil cases. Since I believe that the trial judge is not forbidden by statute from exercising his discretion to grant litigants additional challenges, I respectfully dissent.[1]

Until 1948 the number of peremptory challenges in both civil and criminal cases was set forth in the same statute. R.S. § 819; March 3, 1911, Ch. 231, § 287, 36 Stat. 1166. That statute used the same language which now appears in section 1870:

. . . in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges. . . .

Multiple defendants or plaintiffs were to be treated as a single party for purposes of the statute.

---

1. I also disagree with the majority's decision to reach the issue of the number of allocable peremptory challenges. Since plaintiff has shown no prejudice impairing his right to a fair trial, I do not believe that the judge's error, if any, constituted plain or fundamental error. *See United States v. Bamberger*, 456 F.2d 1119, 1131 (3d Cir. 1972), *cert. denied*, 413 U.S. 919, 93 S.Ct. 3067, 37 L.Ed.2d 1046 (1973); *United States v. Montijo*, 424 F.2d 207, 208 n.3 (1st Cir.), *cert. denied*, 400 U.S. 836, 91 S.Ct. 74, 27 L.Ed.2d 69 (1970). The only comments relating to this issue made at trial were that the plaintiff did not want any additional strikes and that

defendant had improperly used his challenges. Neither remark was an objection to the power of the judge to grant an additional challenge. Since this argument, now raised on appeal, was never directed to the trial judge's attention, he was not afforded an opportunity to correct any possible error before the trial proceeded. *See Faudree v. Iron City Sand & Gravel Co.*, 315 F.2d 647, 651–52 (3d Cir. 1963). Therefore, we should not consider the argument for the first time on appeal. *See United States v. Partee*, 546 F.2d 1322 (8th Cir. 1976); *Andrews v. Olin Mathieson Chem. Corp.*, 334 F.2d 422, 429 (8th Cir. 1964).

With the revision of the Judicial Code in 1948, the provisions applicable to criminal trials were consigned solely to the Rules of Criminal Procedure. *See* F.R.Crim.P. 24(b); Revisor's Note, 28 U.S.C. § 1870. Still, both the criminal rules and section 1870 contain the same terminology of entitlement. By this and subsequent amendments of the statute and criminal rules, multiple parties can, in the discretion of the trial judge, be treated as a single party or could be allowed "additional peremptory challenges." 18 U.S.C. § 1870; F.R.Crim.P. 24(b). As a matter of legislative interpretation, therefore, the reasoning to be applied to strikes in civil cases should apply to criminal cases as well.

The terminology of section 1870 is that a litigant is "entitled" to three strikes. The words "entitled to three peremptory challenges" need not be read as meaning entitled to *only* three. Indeed, a common reading of these words is that the party has a right to *at least* three. No words in the statute explicitly limit the court's discretion to give additional challenges.

The statutory right to peremptory challenges has become an important right of litigants in criminal and civil trials. The use of strikes is intimately bound with the constitutional right to a fair and impartial jury. The peremptory challenge can eliminate a juror when the litigant suspects a bias which cannot be exposed sufficiently to merit a challenge for cause. The strike can be used to minimize the hostility of jurors which might be created by the argument over a challenge for cause. Further, the courts have an interest not only in the jury's impartiality but also in the litigants' perception of impartiality. The peremptory strike preserves both justice and the appearance of justice by allowing the litigant to feel that he is arguing before a fair jury. *Swain v. Alabama*, 380 U.S. 202, 218–20, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Photostat Corp. v. Ball*, 338 F.2d 783, 786 (10th Cir. 1964); 9 Wright & Miller, Federal Practice and Procedure § 2483, at 473 (1971); Note, *Voir Dire: Establishing Minimum Standards to Facilitate the Exercise of Peremptory Challenges*, 27 Stan.L.Rev. 1465, 1502 (1975).

I do not believe that these interests are adequately served by an interpretation of section 1870 which limits the number of peremptory challenges to three in all two-party cases. Trials can engender a high degree of emotional response from the community. A murder trial may evoke widespread sensationalism; a civil or criminal trial may become the focus of racial, ethnic, or religious tensions. A trial judge has the primary responsibility even in these tumultuous situations to preserve both the actual impartiality of his tribunal and its appearance of fairness. The peremptory challenge is an important tool for these ends. I cannot agree with an interpretation of the statute which deprives a judge of that tool. The complete responsibility for the conduct of a trial rests on the trial judge, and he should not be constricted unless he exceeds the bounds of his discretion.

The majority points to the only decision discovered interpreting the word "entitled" as used in the statute. *Detroit M. & T.S.L. Railway v. Kimball*, 211 F. 633 (6th Cir. 1914). That case held that a party was entitled to only three peremptory challenges.

On the other hand, at least one court, not limiting itself to multi-defendant cases, has stated the general proposition that the trial judge has discretion to grant additional peremptory challenges. *United States v. Caldwell*, 178 U.S.App.D.C. 20, 34 n. 57, 543 F.2d 1333, 1347 n. 57 (1974). Other courts have reviewed the failure to grant an additional peremptory challenge in a single defendant criminal case under an abuse of discretion standard. *E. g., United States v. Bentley*, 503 F.2d 957 (5th Cir. 1974); *United States v. LePera*, 443 F.2d 810, 812 (9th Cir.), *cert. denied*, 404 U.S 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971). These cases were decided under the language of Criminal Rule 24(b), which is identical to section 1870 with respect to the power to grant additional strikes.

Further support for the interpretation of section 1870 which I would follow is found in cases involving several parties. The stat-

ute states that several defendants or plaintiffs can be treated either as one party or given additional challenges in the trial judge's discretion. If the language of the statute was meant to limit the number of challenges in a two-party case to three for each side, it should follow that the number in multi-party cases be limited to at most three per party. Case law, however, has not created such a limit. For example, in a case involving one plaintiff and two defendants, one court allowed each side to take ten peremptory challenges. *Carey v. Lykes Brothers Steamship Co.*, 455 F.2d 1192 (5th Cir. 1972). This holding can be compatible only with the view that the judge has discretion to grant more than the minimum of three peremptory challenges allotted to each party.

To conclude that the judge has discretion to allow additional peremptory challenges in a two-party, civil case is not to say that a party may be granted an unlimited number of strikes. The decision of the trial judge is subject to review under the standard of abuse of discretion. See, *e. g., Globe Indemnity Co. v. Stringer*, 190 F.2d 1017 (5th Cir. 1951).

Since this case will be remanded on the issue of the selection of the jury, the majority does not reach the other grounds raised on appeal relating to the jury charge. Under these circumstances, it is inappropriate for me to speak to these other aspects of this appeal. I cannot join, however, in the limitation on the power of a trial judge to permit peremptory challenges in addition to the statutory minimum of three.