FILED

MAR 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50394 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00461-JFW-2 |
| v. | |
| ZHI YONG GUO, aka Jackson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,[**] and GRABER, Circuit Judges.

A jury convicted Defendant Zhi Yong Guo of knowingly and willfully

conspiring to export, and attempting to export, ten export-controlled thermal

imaging cameras to China without a license. In an opinion published this date, we

uphold against a vagueness challenge the constitutionality of the statute of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36–3.

[**]     The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

conviction. In this disposition, we consider Defendant's remaining claims, none of which persuades us to reverse his conviction.

1. The district court properly overruled Defendant's objection under Batson v. Kentucky, 476 U.S. 79 (1986). The court correctly engaged in the three-step process for determining whether the government had challenged the juror because of her race. See id. at 96-98. The government offered two race-neutral reasons for its challenge, which Defendant did not rebut. No retained juror possessed the same characteristics as the challenged juror, and the government did not challenge two other jurors of Chinese descent. Accordingly, the court permissibly ruled that Defendant had failed to prove a discriminatory purpose.

2. The district court properly denied Defendant's motion to excuse a juror for cause. The juror's part-time work as a deputy sheriff, by itself, did not imply bias as a matter of law. United States v. Le Pera, 443 F.2d 810, 812 (9th Cir. 1971). The juror unequivocally swore that he could make a judgment based on the evidence, rather than on his general views of law enforcement witnesses and defense lawyers. The district court did not abuse its discretion by relying on the juror's unequivocal answers. United States v. Alexander, 48 F.3d 1477, 1484 (9th Cir. 1995).

3. The district court permissibly overruled Defendant's objection to evidence of his relationship with Evan Zhang. This evidence fell within the exception to the bar on "other acts" evidence in Federal Rule of Evidence 404(b) and was corroborated. United States v. Hollis, 490 F.3d 1149, 1152–53 (9th Cir. 2007). The district court did not abuse its discretion in ruling that the risk of confusion did not outweigh the high probative value of the evidence. United States v. Hinkson, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc).

4. The district court permissibly overruled Defendant's objection to Zhang's testimony regarding statements allegedly made by Chen and Zhu. A preponderance of the evidence supported the district court's conclusion that those statements qualified as statements of co-conspirators made during, and in furtherance of, a single conspiracy under Federal Rule of Evidence 801(d)(2)(E). For this reason, we reject Defendant's Confrontation Clause challenge. United States v. Bridgeforth, 441 F.3d 864, 868–69 (9th Cir. 2006).

5. The district court properly allowed evidence establishing the government's reasons for regulating the export of thermal imaging cameras. The evidence regarding the control reasons was relevant to whether the cameras in Defendant's possession at the time of his arrest fell within the export-control regulations.

3

The district court erred, however, by allowing prejudicial testimony relating to potentially dangerous applications of the technology. In addition to having little or no probative value, this testimony was highly prejudicial and did not show anything about what Defendant or the intended recipients planned to do with the technology. Nonetheless, because Defendant failed to object, we review only for plain error, United States v. Morris, 827 F.2d 1348, 1350 (9th Cir. 1987), and find none. See United States v. Bracy, 67 F.3d 1421, 1433 (9th Cir. 1995) (holding that the trial court did not plainly err by allowing improper character evidence because "[t]here was plenty of other evidence connecting the defendants" to the crime).

6. The district court permissibly excluded Defendant's proposed expert testimony. Defendant failed to show that the expert had used reliable methods and that those methods had been applied to the facts in this case. See United States v. Curtin, 588 F.3d 993, 997–98 (9th Cir. 2009).

7. There being only one arguable error, Defendant's argument that cumulative error requires reversal has no purchase.

AFFIRMED.

4